Williams, J.
 

 Can the claimant recover compensation for injury sustained outside the state of Ohio while engaged in interstate commerce as a porter on his employer’s bus?
 

 Article II, Section 35, of the Ohio Constitution, is the basis for the Workmen’s Compensation Law and contemplates that laws shall be passed to carry it into effect. No language is found within the Constitution itself which limits the territorial operation of provisions governing compensation or confines the right thereto to injuries occurring within the state. In fact, the basal section mentioned refers to “any employer.”
 

 Statutory enactments disclose that the Workmen’s Compensation Law has effect as to extra-territorial injuries within certain limitations.
 

 Section 1465-68, General Code, provides in part as follows: “ * * * Every employee mentioned in section 1465-61, who is injured, and the dependents of such as are killed in the course of employment,
 
 wheresoever such injury has occurred,
 
 provided the same was not purposely self-inflicted, on and after January 1st, 1914, shall be entitled to receive, either directly from his employer as provided in Section 1465-69, or from the State Insurance Fund, such compensation for loss sustained on account of such injury or death, and such medical, nurse and hospital services and medicines, and such amount of funeral expenses in case of death as is provided by sections 1465-79 to 1465-87 inclusive.” (Italics ours.)
 

 Section 1465-70, General Code, which exempts the employer who complies with the law from suits at common law for damages, reads as follows: “Employers
 
 *419
 
 who comply with the provisions of the last preceding section shall not be liable to respond in damages at common law or by statute, save as hereinafter provided, for injury or death of any employee,
 
 wherever occurring,
 
 during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation direct to his injured or the dependents of his killed employees as herein provided.” (Italics ours.)
 

 Section 1465-72, General Code, has significant provisions and reads in part as follows: ‘ ‘ The state liability board of awards shall disburse the state insurance fund to such employees of employers as have paid into said fund the premiums applicable to the classes to which they belong, who have been injured in the course of their employment,
 
 wheresoever such injuries have occurred,
 
 and which have not been-purposely self-inflicted, or to their dependents in case death has ensued.” (Italics ours.)
 

 The theory of compensation for extra-territorial injury is also borne out by Section 1465-90, General Code, from which' we quote as follows: “ * * * If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the common pleas court of the county wherein the injury was inflicted, or in the common pleas court of the county
 
 wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio.”
 
 (Italics ours.)
 

 The case of
 
 Industrial Commission
 
 v.
 
 Gardinio,
 
 119 Ohio St., 539, 164 N. E., 758, treats an entirely different question but contains instructive language bearing upon the subject of inquiry. We quote from the opinion:
 

 
 *420
 
 “The legislative intent is quite manifest that the provisions of the act shall apply to all those employed within the state, and also where, as-incident to their employment, and in the discharge of the duties thereof, they are sent beyond the borders of the state. Undoubtedly an injury received by an employee of an Ohio employer is compensable under the workmen’s compensation law, though the injury was actually received in another state, if the service rendered by him in such other state was connected with, or part of, the duties and service contemplated to be performed in Ohio.”
 

 This court approves this doctrine
 
 in toto.
 

 It is plain that claimant is entitled to compensation unless he is barred of his right to share in the fund because he was engaged in interstate commerce outside this state at the time of his injury. The consensus of authority seems to be that a state may provide compensation to'' one engaged in interstate commerce so long as the Congress of the United States, acting under its constitutional power to regulate commerce among the states, has not preempted the field.
 
 Lindstrom
 
 v.
 
 Mutual Steamship Co.,
 
 132 Minn., 328, 156 N. W., 669, L. R. A. 1916D, 935;
 
 Staley
 
 v.
 
 Ill. Cent. Rd. Co.,
 
 268 Ill., 356, 109 N. E., 342, L. R. A. 1916A, 450, and an annotation;
 
 Klettke
 
 v.
 
 C. & J. Commercial Drive Away,
 
 250 Mich., 454, 231 N. W., 132;
 
 In Matter of Claim of Tallman
 
 v.
 
 Colonial Air Transport, Inc.,
 
 259 N. Y., 512, 182 N. E., 159; 28 Ruling Case Law, 728, Section 24; 71 Corpus Juris, 316, Section 49.
 

 It is urged that the collection of premiums is an unwarranted burden on the employer and in effect on interstate commerce, since the right to regulate commerce among the states is reposed in Congress by the federal Constitution. The power of Congress in this respect is complete and plenary and a direct burden cannot be imposed thereon by a state; but it is clear that in case Congress has not acted, state power may
 
 *421
 
 be exercised within certain limitations. If the matter is snch as to require a general system or uniformity of regulation the power of Congress is exclusive. In situations which admit of diverse treatment due to peculiar local conditions, the state may act until such time as Congress legislates on the subject.
 
 Minnesota Rate Cases,
 
 230 U. S., 352, 57 L. Ed., 1511, 33 S. Ct., 729.
 

 In the case last mentioned the court, after reciting certain restrictions on state power, says: “But within these limitations there necessarily remains to the states, until Congress acts, a wide range for the permissible exercise of power appropriate to
 
 their territorial jurisdiction
 
 although interstate commerce may be affected. It extends to those matters of a
 
 local nature
 
 as to which it is impossible to derive from the constitutional grant an intention that they should go uncontrolled pending Federal intervention. * * * Further, it is competent for a State to govern
 
 its internal commerce, to provide local improvements, to create and regulate local facilities,
 
 to adopt protective measures of a reasonable character in the interest of the health, safety, morals and welfare of its people, although interstate commerce may incidentally or indirectly be involved. Our system of government is a practical adjustment by which the national authority as conferred by the Constitution is maintained in its full scope without unnecessary loss of
 
 local efficiency. Where the subject is peculiarly one of local concern, and from its nature belongs to the class with which the state appropriately deals in making reasonable provision for local needs,
 
 it cannot be regarded as left to the unrestrained will of individuals because Congress has not acted, although it may have such a relation to interstate commerce as to be within the reach of the federal power.” (Italics ours.)
 

 A careful examination of the whole opinion forces the conclusion that a direct burden is not imposed by
 
 *422
 
 providing compensation to those injured outside the state in interstate commerce and that such legislation is a matter of peculiar concern to this state. The provisions for compensation can hardly be said to be unreasonable or to transcend the bounds of proper local need and protection.
 

 The Industrial Commission by assessing premiums for the portion of the work done by the employees engaged in interstate commerce while within the state, undertook to recognize the right of such employees to compensation while engaged in interstate commerce within the state, but proceeded upon the assumption that the employee while engaged in the same employment in the state of Michigan was not entitled to compensation.
 

 Such a construction of the law would place employees who are compelled to cross the state line in commerce in an unparalleled position. In businesses located in Ohio along the state border the employees are frequently required to deliver goods sold into adjoining states. Are these employees to be left without protection because they are engaged in interstate commerce? This query points emphatically to the peculiar necessity for local action until such time as Congress steps in.
 

 It is also contended that the provisions for the use of not exceeding one per cent of contributions by employers for the investigation and prevention of industrial accidents and diseases and those for the super-added liability for the employer’s violation of a specific requirement, found in the same section of the state constitution, impose a direct burden on interstate commerce. Neither is involved here and so the question is not directly presented. However, it may be said in passing that these provisions are incidental in nature, and in the judgment of this court are not such a direct burden.
 

 Counsel for the Industrial Commission contend that
 
 *423
 
 the case comes within Section 1465-98, General Code, and that therefore the claim is not compensable. An examination of that section discloses that it applies only to employers and employees for whom “a rule of liability or method of compensation has been or may be established by the Congress of the United States.” The words “may be established” plainly refer to federal legislation that should thereafter be enacted. As Congress had not acted with reference to employers and employees engaged in interstate commerce in the operation of bus lines, up to the time of the claimant’s injury, the statute has no application to the case here.
 

 Basically considered, the liability for compensation is neither contractual nor tortious, but grows out of a status which in turn springs from the hiring by operation of law.
 
 Cudahy Packing Co.
 
 v.
 
 Parramore,
 
 263 U. S., 418, 423, 68 L. Ed., 366, 44 S. Ct., 153;
 
 Van Blatz Brewing Co.
 
 v.
 
 Industrial Commission,
 
 201 Wis., 474, 230 N. W., 622;
 
 Alaska Packers Assn.
 
 v.
 
 Industrial Accident Commission,
 
 200 Cal., 579, 584, 253 P., 926;
 
 Devine’s Case,
 
 236 Mass., 588, 593, 129 N. E., 414. The contract of hire, having been entered into in Ohio by an employer, having its principal place of business therein, and an employee resident thereof, for service within and beyond this state, gave rise to a legal status which did not end when the employee crossed the state line in interstate commerce as porter on the bus. In performing the required service he went beyond the border clothed with his rights as an employee. By holding the claim compensable this court does not give extra-territorial effect to the Workmen’s Compensation Law but rather to the status arising from the contract of hire by virtue of the constitutional and statutory provisions. The contract and resulting status are, however, always subject to the right of Congress to preempt the field by appropriate legislation.
 

 The only logical conclusion upon principle and aq
 
 *424
 
 thority is that the claim is compensable and the fact that premiums assessed and collected were not based upon the full wages paid is beside the question as the Industrial Commission may yet make collection of the premiums covering the deficiency.
 

 The Court of Appeals properly held that the claimant was entitled to compensation.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, J ones, Matthias, Day and Zimmerman, ¿TJ., concur.