No. 14,093.

ZELLE v. INDUSTRIAL COMMISSION ET AL.
(65 P. [2d] 1429)

Decided March 1, 1937. Rehearing denied March 22, 1937.

Mr. Francis Kidneigh, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, Mr. John S. Stidger, for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

A proceeding under the Workmen's Compensation Act. The commission awarded compensation and its award was favorably adjudged by the trial court.

It is contended: (1) That claimant was not injured in an accident arising out of and in the course of his employment; (2) that the employer is an "interstate carrier, engaged solely in interstate commerce," hence not subject to the state compensation act; (3) that the evidence failed to show the employer employed four or more men in his business; (4) that the court should have remanded the proceedings to the commission for further showing and determination.

It appears that plaintiff in error, having a Wyoming license and Colorado permit to that end, but not having a federal permit, operated a number of trucks between Denver and points in Wyoming by means of which he serves a published list of customers by contract, but does not serve the general public; that in the afternoon of a given day, at Denver, he employed claimant, on a weekly wage basis, to drive one of the trucks to and from points in Wyoming; that preparatory to claimant's first trip, new tires were purchased for the truck he was to drive and in the course of their installation by the tire agency, the employer and claimant assisting therein, one of the tires exploded and injured claimant.

■ 1. Considering the general nature of the employment, we cannot think that in engaging with his employer in replacing old tires with new on the truck he was hired to drive, claimant was proceeding other than in the course of his employment. Necessarily, we think, he would be expected to be active in furthering preparations for the trip contemplated in his assignment. The fact that both he and his employer were aiding in the tire installation is consistent with the view that they regarded it as within the course of the employment. We so regard it.

■■ 2. In support of the contention that the employer is not subject to the compensation act, C. L. 1921, section 4384, is cited. It reads: "The provisions of this act shall not apply to common carriers engaged in interstate commerce nor to their employes." The answer is that plaintiff in error was not so engaged. A common carrier serves the general public. The truck operator here offered no such program of service—he only served those with whom he had pre-existing contracts. Shortly expressed, he was a "contract carrier." The distinction between the two kinds of service is well known generally, and is recognized by the United States Code. See Title 49 U. S. C. A. §303, paragraphs (14) and (15). Paragraph 14 reads: "The term 'common carrier by motor

vehicle' means any person who or which undertakes, whether directly or by a lease or any other arrangement, to transport passengers or property, or any class or classes of property, for the general public in interstate or foreign commerce by motor vehicle for compensation, whether over regular or irregular routes, including such motor vehicle operations of carriers by rail or water, and of express or forwarding companies, except to the extent that these operations are subject to the provisions of chapter 1 of this title.'' And paragraph 15 is as follows: ''The term 'contract carrier by motor vehicle' means any person not included under paragraph (14) of this section, who or which, under special and individual contracts or agreements, and whether directly or by a lease or any other arrangement, transports passengers or property in interstate or foreign commerce by motor vehicle for compensation.'' The quoted section of our statutes, claimed to exclude claimant, obviously is without application to the parties here and their relationship.

■ 3. The evidence as to the number of plaintiff in error's employees, while not definite, was of sufficient probative force, we think, to warrant the commission's finding that ''he employed four or more employes in the state of Colorado.'' The absence of denial on his part makes us less reluctant to uphold that finding.

■ 4. All issues arising in the proceeding, as our study reveals, were presented to and determined by the commission. There was no occasion, therefore, for the trial court to re-refer the matter to that body. In such view, C. L. 1921, section 4476, called to our attention, is without point. We perceive no error.

It seems not inappropriate to observe that counsel for plaintiff in error was retained after the evidence had been taken.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE BAKKE concur.