No. 14,285.

CONSOLIDATED FAST FREIGHT ET AL. *v.* WALKER.
(85 P. [2d] 720)

Decided May 9, 1938.   On rehearing, original opinion adhered to December 27, 1938.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, Mr. Myron H. Burnett, for plaintiffs in error.

Mr. G. H. Bradfield, for defendant in error.

Mr. Harold Clark Thompson, Mr. E. Meyer Rifkin, amici curiae.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Error is assigned to a judgment in favor of defendant in error upon his claim under the Workmen's Compensa-

tion Act, on the ground that the trial court erroneously found that the Industrial Commission had jurisdiction of the claim, and ordered payment, which it had denied by a final award upon a finding that it had no jurisdiction by application to the facts of section 10 of the act (C. S. A. '35, vol. 3, c. 97, §289), which is as follows: "The provisions of this article shall not apply to common carriers engaged in interstate commerce nor to their employees."

Plaintiff in error, under a certificate of convenience and necessity, issued on application by the Colorado Public Utilities Commission, was, on February 6, 1935, operating freight trucks in Colorado between Denver, Greeley and Fort Collins, and not beyond the Colorado boundary. It had applied for insurance as provided by the act, but at the time of the injury to claimant, February 6, 1935, it was not carrying insurance. Claimant on the date of the injury was a driver of one of its trucks, conveying a load of intrastate freight from Denver to Fort Collins. While unloading this freight at Fort Collins, which was a part of claimant's duties, he slipped on the sidewalk and was injured by a heavy iron I-beam which was a part of his load. The injury resulted in a disability to the extent of fifty per cent of his working capacity. In due time he made claim to the Industrial Commission for compensation and upon hearing before a referee of the commission, his claim was allowed, and upon application of plaintiff in error, the referee's findings were reviewed and sustained by the Industrial Commission, which upon a second review were again sustained. Plaintiff in error filed its action in the district court to set aside the findings and award of the commission, and upon trial, the court returned the cause to the Industrial Commission with directions to take further evidence and determine whether or not plaintiff in error was engaged in interstate commerce within the meaning of the provisions of section 10, supra, and whether or not the claimant was, at the time of his injury, occupied with work connected with interstate shipments, both in the general course of his employment and his

employment at the time of the injury. Thereafter the Industrial Commission, after taking additional evidence, made its findings to the effect that it had no jurisdiction in the case, vacated all previous awards, and dismissed the cause. In its previous findings and awards, the commission had found that plaintiff in error was not insured under the provisions of the law; that it had applied for insurance but for some reason unknown to the commission, the policy, though issued, was cancelled, and because of such application plaintiff in error is estopped to raise the defense that it is an interstate commerce carrier within the meaning of the compensation act. On a hearing as directed by the district court, the Industrial Commission, after taking additional testimony, entered its supplemental award to the effect that plaintiff in error was engaged in interstate commerce within the meaning of the compensation act; that claimant was engaged in work connected with interstate shipments with respect to his employment, but at the time of his accident was engaged in work connected with intrastate shipments; that the plaintiff in error being engaged in interstate commerce, the Industrial Commission has no jurisdiction in the matter; and that all previous awards of the commission be vacated and claim denied for lack of jurisdiction and evidence.

Upon return of this award to the district court, and thereafter on the issues there joined, the court entered its findings and judgment in the following general effect: That the plaintiff in error at the time of the injury to claimant did not operate a truck outside of the state of Colorado; that the iron I-beam in question was a part of a shipment from Denver to Fort Collins and did not originate outside of, or extend beyond, the state of Colorado; that section 10 of the compensation act does not apply to this cause; that the supplemental award of the commission by which it found that it had no jurisdiction is erroneous and is therefore set aside; that the plaintiff in error voluntarily applied for and was using a certificate of convenience and necessity issued by the Public Utilities Com-

mission at the time of the injury; that it had made application for insurance under the certificate of convenience and necessity; that by these acts, plaintiff in error had voluntarily submitted itself to the jurisdiction of the Industrial Commission and is now estopped from denying such jurisdiction, and the case was remanded to the Industrial Commission with instructions to reinstate the award made by it in accordance with its findings.

Plaintiff in error contends that because thirty-five or forty per cent of the shipments it handled were of an interstate nature, that is, originating from points outside of Colorado, and in its continuous shipment was handled by it to points in Colorado, and other shipments originating in Colorado handled by it on a billing to points outside of Colorado, that it was engaged in interstate commerce within the meaning of section 10, supra, and that the Industrial Commission was therefore without jurisdiction.

Defendant in error, claimant, contends that plaintiff in error is estopped to make this defense because of its having submitted to the jurisdiction of the Colorado Public Utilities Commission in voluntarily applying for and receiving a certificate of convenience and necessity, and by voluntarily applying for insurance under the provisions of the compensation act. Amici curiae point out questions which they claim have wide interest and therefore should be determined in this action. Those questions, in addition to the ones above raised by the parties hereto, are: Whether the bar of section 10 applies to all common carriers, without distinction, engaged in interstate commerce and therefore is a total bar as to the class as a whole; whether it applies to all of the employees of a common carrier without limitation as to their employment in interstate commerce in any degree or at any time; whether the bar is such a complete bar as to prevent a common carrier from electing to become subject to the Workmen's Compensation Act of Colorado and thus preventing its employees from becoming subject thereto; and whether the application for, or the securing of workmen's compensa-

tion insurance by such a common carrier, constitutes an estoppel which would prevent the carrier from raising the question as a defense in a workmen's compensation case.

The controlling question presented is: Was the carrier, plaintiff in error here, engaged in interstate commerce within the meaning of the act? If this question be answered in the affirmative, the claim of defendant in error is barred by the act. It is shown by the record that the load of freight being handled by claimant at the time of the injury contained no interstate shipments and the finding both by the referee and the commission is to that effect, with the further finding that claimant was not injured while handling an interstate shipment or interstate commerce. The case has turned largely upon the application of section 10, supra, because the carrier here involved engages in some interstate commerce. In the consideration of the questions presented, a wide field is entered. It cannot logically be contended that there is any purpose of the Workmen's Compensation Act other than to protect all workmen, save those specifically excluded. If we extend the application of section 10, supra, to the employees of every recognized class of common carriers, that may at times engage in interstate commerce, then we have lifted the protecting cloak of the act from workmen and this would generally be the result, regardless of the extent to which a carrier was engaged in interstate commerce, where it also was engaged in some intrastate commerce. A holding in this case that section 10 is not applicable would not be an interference with, or regulation of, the business of interstate commerce, but would be a regulation of the carrier that, or person who, may at times engage in interstate commerce business. Because an employee is in the service of a carrier that engages in both intrastate and interstate commerce, is no reason why he should be deprived of the protection afforded workmen employed by carriers not engaged in interstate commerce; neither should he be exempt from the application of section 10, supra, because he is otherwise within the protec-

tion of the compensation act. Carriers conducting a business that has the aspect of both interstate and intrastate operations cannot claim to be engaged in either to the exclusion of the other. Such carriers, and their employees accepting employment with them, must assume the burden and regulations which apply to the dual operations. It would seem, therefore, that a determination of the character of such a carrier's business, for jurisdictional purposes under the act, must necessarily depend upon the specific engagement and work at the time involved. If the injured employee was at the time of the injury unquestionably engaged in interstate commerce or in work so closely identified with it and necessarily related to it as to be an essential part of the interstate movement, then the act applies. It would thus seem, in view of the situation before us, that the section here calls for an interpretation resulting in the conclusion that its provisions shall not apply to common carriers *while* engaged in interstate commerce or to their employees; but that under the facts here presented, the interpretation should be such as to give the Industrial Commission full jurisdiction, which it refused, and which the trial court held it to have. This determination necessarily carries with it the apparent solution of the other questions involved, without a detailed discussion thereof.

The contention that the trial court made its own findings is not supported by the record; on the contrary it appears that it adopted the original findings of fact as made by the Industrial Commission, holding only that the commission had improperly applied the law relative thereto.

The judgment of the district court is therefore affirmed.

Mr. Justice Bouck, Mr. Justice Young and Mr. Justice Knous dissent.