## No. 14,665.

COHEN ET AL., Doing Business as THE DENVER-CHICAGO TRUCKING COMPANY v. SCHAETZEL, ADMINISTRATOR.

(103 P. [2d] 1060)

Decided June 3, 1940.   Rehearing denied June 24, 1940.

Mr. W. A. ALEXANDER, Mr. CECIL M. DRAPER, Mr. L. C. GERDING, JR., for plaintiffs in error.

Messrs. SCHAETZEL & KNIGHT, Mr. D. W. STRICKLAND, JR., Mr. E. J. SCHAETZEL, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

DEFENDANT in error, Schaetzel, as administrator of the Estate of Everett Powell, deceased, recovered a judgment of $3,000 as damages against plaintiffs in error, for the death of Powell caused by the negligence of Brewer, an employee of said plaintiffs in error. Reversal is sought on a writ of error.

The facts which gave rise to the litigation are substantially as follows: Plaintiffs in error, the Cohens, operate a trucking business between Denver and Chicago through a Colorado copartnership known as the Denver-Chicago Trucking Company. Reference will hereinafter be made to them as the company. Powell and Brewer were employed by the company as truck drivers. About 3:35 p. m. May 28, 1935, while they were in the cab of one of the company's trucks, returning from Chicago with a load of general freight for Denver, the truck collided with a train in Fremont, Nebraska, resulting in the death of both men. The engineer who was the only eyewitness, testified that his train was traveling about forty miles an hour; the truck about twenty-five or thirty miles an hour, and that neither slackened its speed before the collision. The highway was paved. A drizzling rain was falling. A deputy sheriff who arrived a short time after the accident said the crossing was wet and "more or less mud," and that if there were any skid marks left by the truck's tires, they had been obliterated by the weather.

Liability of the company, resting on the doctrine of respondeat superior, is predicated upon the supposition that Brewer was driving, and that the collision with the train was due to his negligence. The evidence in support of this position was circumstantial, but the claim is based upon the alleged fact that Powell was asleep at the time. When the truck stopped at Blair, Nebraska, about 2:00 p. m., Brewer was driving and Powell was asleep in the cab bunk. After the accident, Brewer's body was found fully clothed, with gloves on his hands, while Powell's body, mangled and covered with blood, was found unclothed, except for his under garments, his overalls being found on the steps of the mail-car, untorn and free from blood stains. Identification cards were found on Brewer. At the close of the introduction of evidence, motion for a directed verdict was denied.

The assignments of error may be comprehended in the following points, urged as grounds for reversal: 1. The action was maintainable only under the Workmen's Compensation Act of the state of Nebraska, because the company had not rejected the act, and Powell was killed in that state. 2. If the Nebraska act did not apply, the Colorado act did, because the company was a Colorado copartnership, and Powell was a resident of Colorado. 3. The common-law defenses against negligence, contributory negligence, assumption of risk, and fellow-servant rule are available to the company under the circumstances disclosed. 5. Instructions Numbers 8, 10 and 11 were improper.

■ 1. Compensation was sought under the Nebraska Compensation Act and the matter was heard before the Nebraska Workmen's Compensation Court, where, after a full hearing, it was held that because the contract of employment was in Colorado, and the company did no business in Nebraska, the Nebraska Workmen's Compensation Court was without jurisdiction, and "for this reason plaintiff's petition should be dismissed." Without detailing the Nebraska situation, we think the Nebraska court was clearly right, because its statute (section 48-106 Comp. St. Neb. 1929, section 48-162, 1935 Supp.) provides that it is applicable "to every employer in this state," and "Recognizing that industrial relations between employers and employees within the state of Nebraska are affected with a vital public interest * * *." See, also, *Watts v. Long,* 116 Neb. 656, 218 N.W. 410, and *Esau v. Smith Bros.,* 124 Neb. 217, 246 N.W. 230. The company never took any steps to comply with the Nebraska compensation act, so we must assume that its officers believed the act to be inapplicable to their organization. It is not for us to attempt to reverse the decision of a Nebraska court and compel it to assume jurisdiction.

■ 2. Does it follow, then, that the Colorado Workmen's Compensation Act must be applied? It does not.

"Was the carrier, plaintiff in error here, engaged in interstate commerce within the meaning of the Act? If this question be answered in the affirmative, the claim of defendant in error is barred by the Act." *Consolidated Fast Freight v. Walker,* 103 Colo. 347, 352, 85 P. (2d) 720. While contention is made that the company was not engaged in interstate commerce as a common carrier at the time of the accident, the admission of its officers refutes this, for one of the Cohens stated that they had authority to "pick up and leave freight any point in Nebraska"; in other words, "to serve the general public." While the company did not make application to the Interstate Commerce Commission for a permit to engage in interstate commerce until 1936, and did not receive it until in 1937, there is nothing to indicate that its actual operations were any different before. *Zelle v. Industrial Commission,* 100 Colo. 116, 65 P. (2d) 1429. On this particular trip the drivers had been instructed to go straight through to Chicago, which would indicate that they were engaged exclusively in interstate commerce, and thereby specifically excluded by section 10 of the Colorado Workmen's Compensation Act. '35 C.S.A., vol. 3, c. 97, §289, C.L. §4384. Apparently Powell and Brewer were the only employees of the company. The Colorado act is conclusively presumed to apply to "Every employer of four or more employees." '35 C.S.A., vol. 3, c. 97, §295, C.L. §4390.

3. (a) Powell was contributorily negligent. There is no proof of this, and while the evidence to the contrary is circumstantial, it is convincing. The evidence that Powell was resting in the cab bunk was certainly entitled to go to the jury, which must have found that Powell was "off duty," so far as being able to contribute to the cause of the fatal accident was concerned.

By the same token it could be said that Brewer was negligent as a matter of law. The Nebraska statute provides: "The drivers of all trucks shall, immediately before crossing any railroad track, bring their vehicles

to a complete stop and carefully look in both directions for approaching trains before crossing said railroad track." Section 39-1036, 1935 Supp., Nebraska Compiled Laws, 1929. In addition to this, the evidence is undisputed that Brewer had been specifically instructed by the company officials to obey all traffic laws.

■ (b) The doctrine of assumption of risk of employment by Powell can have no application. Counsel on both sides agree as to what the rule is on this subject, namely, that an employee assumes only those risks which ordinarily would be incident to the employment, which risks are known to him, or which he, as a person of ordinary prudence might ascertain or expect. To say that in accepting a job as a truck driver, an employee might reasonably anticipate its being driven into the side of a train in disobedience to law and specific instructions is beyond all reason, and we so consider it.

■ (c) The rule of nonliability of the master for the negligence of a fellow servant likewise cannot be urged as a defense by the company. The reasonable and proper inference from the physical facts and circumstances appearing in this case is, that at the time of the accident, Powell was not a fellow servant of Brewer. In Nebraska the so-called superior servant or vice-principal rule is very definitely established, under which the negligence of the servant is imputed to the master where "the person whose status is in question is charged with the performance of a duty which properly belongs to the master." *Mitchell v. Omaha Packing Co.*, 92 Neb. 496, 138 N.W. 739, 741. There was evidence in the present case from which the jury could well infer that Brewer was the superior servant or vice-principal, and not a fellow servant of Powell. *Jackson v. Yak Mining Co.*, 51 Colo. 551, 119 Pac. 1058.

Under the circumstances the trial court did not err in denying the motion of defendants for a directed verdict.

From what already has been observed, it follows that there was no error in refusing the tendered instructions of plaintiffs in error. The first, covering the company's version of the fellow-servant rule, was sufficiently stated in the last paragraph of the court's instruction No. 3, which reads: "The court further instructs the jury that the burden is upon the defendants to establish by a preponderance of the evidence that the death of Everett Powell was proximately caused by his own negligence; that he assumed the particular risk which caused his death; or that his relationship to Earl C. Brewer, driver of the truck, was that of fellow-servant."

The other two instructions tendered, to the refusal of which error is assigned, had to do with the Colorado and Nebraska Workmen's Compensation acts. As already indicated they were not applicable, hence no instruction on either was necessary.

4. As to instructions 8, 10 and 11 given. Instruction No. 8 reads: "You are instructed that the defendants herein as employers are responsible and liable for negligent acts of their employee to the same effect and intent as if the acts were personally performed by them, and if you find the said Earl C. Brewer to have been negligent, then you will also find the defendants herein guilty of negligence." Counsel for defendants admits that this is a correct statement of the rule of respondeat superior in ordinary negligence cases. We are of the opinion it applies in this case and therefore was properly given.

Instruction No. 10 reads: "You are further instructed that an employee assumes risks and dangers incidental to his employment, but does not assume those risks liable to result from the negligence and carelessness of other employees."

This instruction standing alone is not a proper and complete statement of the law, but as qualified by instruction No. 9, which counsel for the company admits

is correct, no prejudice resulted of which defendants can justly complain.

Instruction No. 11 is as follows: "You are further instructed that if you find that the deceased Everett Powell was not, at the time of the accident, actively engaged in the operation or control of the said truck, but to the contrary was not on duty and was resting in the bunk provided for that purpose, then you must find that the said Everett Powell and Earl C. Brewer were not fellow-servants."

We think the evidence justified the giving of this instruction, and that it correctly states the law to be applied in this case.

On the whole, we feel that the company failed to establish any of its common-law defenses by a preponderance of the evidence, and that the jury was justified in returning a verdict in favor of the plaintiff.

Judgment affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BURKE concur.