Turner, J.
 

 This case presents the following question for determination: Where a resident of Ohio enters into a contract of employment in the state of Michigan with a Michigan corporation, to perform services in interstate commerce
 
 only,
 
 receives his salary and instructions from his employer in the state of Michigan, and is certified to the Industrial Accident Board of Michigan, and thereafter while in Ohio, is in
 
 *45
 
 jured in the course of his employment, is such workman entitled to compensation from the State Insurance Fund of Ohio?
 

 As plaintiff’s employment was limited to interstate commerce, and as his injury was received in the course of and arose out of such interstate commerce employment, our first inquiry necessarily is
 
 (New York Central Rd. Co.
 
 v.
 
 Winfield,
 
 244 U. S., 147, 61 L. Ed., 1045, 37 S. Ct., 546): Has the federal Congress acted in respect of such matter?
 

 Neither in the Federal Employers’ Liability Act (Title 45, Section 51
 
 et seq.,
 
 U. S. Code), the Motor Carrier Act of 1935 (Title 49, Section 301
 
 et seq.,
 
 U. S. Code), nor elsewhere has the Congress as yet acted in respect of this matter.
 

 As was said in the case of
 
 Hall
 
 v.
 
 Industrial Commission,
 
 131 Ohio St., 416, 420, 3 N. E. (2d), 367, 370:
 

 “The consensus of authority seems to be that a state may provide compensation to one engaged in interstate commerce so long as the Congress of the United States, acting under its constitutional power to regulate commerce among the states, has not preempted the field. * * * [Citing cases.]
 

 “It is urged that the collection of premiums is an unwarranted burden on the employer and in effect on interstate commerce, since the right to regulate commerce among the states is reposed in Congress by the federal Constitution. The power of Congress in this respect is complete and plenary and a direct burden cannot be imposed thereon by a state; but it is clear that in case Congress has not acted,
 
 state power may be exercised within certain limitations. If the matter is Such as to require a general system or uniformity of regulation the power of Congress is exclusive.
 
 In situations which admit of diverse treatment due to peculiar local conditions, the state may act until such time as Congress legislates on the subject.” (Italics ours.)
 

 
 *46
 
 The foregoing- statement was made on the authority of the
 
 Minnesota Rate Cases,
 
 230 U. S., 352, 57 L. Ed., 1511, 33 S. Ct., 729, wherein the Supreme Court of the United States said (page 402): “But within these limitations there necessarily remains to the states, until Congress acts, a wide range for the permissible exercise of power appropriate to
 
 their territorial jurisdiction
 
 although interstate commerce may be affected. It extends to those matters of a
 
 local nature
 
 as to which it is impossible to derive from the constitutional grant an intention that they should go uncontrolled pending Federal intervention. * * *
 
 Where the subject is peculiarly one of local concern, and from its nature belongs to the class with which the state appropriately deals in making reasonable provision for local needs, it cannot be regarded as left to the unrestrained will of individuals because Congress has not acted, although it may have such a relation to interstate commerce as to be within the reach of the federal power.”
 
 (Italics ours.)
 

 In the case of
 
 Hall
 
 v.
 
 Industrial Commission, supra,
 
 this court held: “Where an employer, engaged in operating a bus line for the carriage of passengers from within to without the state, has his office and principal place of business within this state and enters into a contract of hire therein with an employee, resident hereof, by which the latter engages as porter in interstate commerce on a bus so operated by the employer, and such employee is injured outside the state while thus employed, the fact that the accident occurs in interstate commerce does not of itself deprive the employee of compensation under the workmen’s compensation law of this state, Congress not having pre-empted the field by the enactment of legislation relating thereto.” See, also,
 
 Prendergast
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 535, 27 N. E. (2d), 235.
 

 There is some dispute as to whether the instant contract of hire was made in Ohio or Michigan. We have
 
 *47
 
 examined the evidence, and have come to the conclusion that the contract was made in the state of Michigan. Both courts below came to this same conclusion.
 

 The courts below stressed the following language used in the case of
 
 Industrial Commission
 
 v.
 
 Gardinio,
 
 119 Ohio St., 539, 543, 164 N. E., 758, 759: “The mere fact that the contract was made in this state is not controlling.” This language must be read in connection with the facts and holding in that case, the syllabus of which reads: “The Ohio workmen’s compensation fund is not available to an employee injured while engaged in the performance of a contract to do specified work in another state,
 
 no part whereof is to he performed in Ohio.”
 
 (Italics ours.) In the
 
 Gardinio case,
 
 a resident of Cleveland entered into a contract with an Ohio (Cleveland) corporation, to do certain work at Donora, Pennsylvania, where the corporation was engaged in the construction of a bridge, and it was in respect of this state of facts that Judge Matthias said, at page 543: ‘ ‘ Surely the mere fact that the contract was entered into in Ohio for services, none of which were to be performed within this state, but in other states and countries, should not bring the employee within the Ohio workmen’s compensation law unless the language of our statute clearly so provides. The mere fact that the contract was made in this state is not controlling.”
 

 We are not here dealing with the rights of a workman injured in Ohio while engaged in intrastate employment. In this case, we are dealing with the rights of a workman whose employment was transitory and confined exclusively to interstate commerce. Assume that the plaintiff had been injured in either Michigan or Pennsylvania, into both of which states his work took him. We see at once that where the work to be done is not confined to a single state, but is to be performed in interstate commerce, the
 
 lex loci contractus
 
 
 *48
 
 becomes ail important consideration in determining whether plaintiff, a resident of Ohio and injured in Ohio, has a right to participate in the State Insurance Fund.
 

 Among the courts of other states which have given some weight to the place of the contract, is the Supreme Court of Michigan.
 

 In the case of
 
 Leininger
 
 v.
 
 Jacobs,
 
 270 Mich., 1, 257 N. W., 764, the writer of the opinion said (page 2): “The primary question presented by this appeal is whether the contract of employment was an Ohio or a Michigan contract. Appellants assert it was an Ohio contract and maintain that plaintiffs are therefore not entitled to compensation under the Michigan statute. Unless appellants are correct in asserting that the contract of employment was an Ohio contract, the award must be affirmed.”
 

 As shown by the first and second paragraphs of the syllabus, the Supreme Court of Michigan held in that case :
 

 “1. Contract entered into between one who made application for employment to employer at his principal place of business, located in Michigan, and latter telephoned his agent in Ohio to put applicant to work which necessitated employee coming into this state incident to the discharge of his duties and in which he received fatal injuries
 
 held,
 
 a Michigan contract rather than an Ohio contract, hence employee’s dependents are entitled to compensation under the Michigan Workmen’s Compensation Act (2 Comp. Laws- 1929, Section 8407
 
 et seq.).
 

 ‘‘2. Employer who had elected to come under Michigan Workmen’s Compensation Act and was under Michigan contract of employment which contemplated discharge of duties in this state is not relieved from liability for fatal injuries to employee received in this state, by reason of fact that employee and his dependents were not domiciled in Michigan (2 Comp. Laws
 
 *49
 
 1929, Section 8407
 
 et seq.).”
 
 (See also
 
 Roberts
 
 v.
 
 I. X. L. Glass Corp.,
 
 259 Mich., 644, 244 N. W., 188.)
 

 The- Court of Appeals in the instant case said: “Every consideration of governmental interest as affecting plaintiff’s social, business and political life was in Ohio.” We do not think that such considerations are controlling. In support of its statement, the court below cited the case of
 
 Alaska Packers Assn.
 
 v.
 
 Industrial Accident Commission of California,
 
 294 U. S., 532, 79 L. Ed., 1044, 55 S. Ct., 518. That was an appeal to the Supreme Court of the United States, under Section 237 of the Judicial Code, from a judgment of the Supreme Court of California upholding an award of compensation by the state Industrial Accident Commission to appellee against appellant, his employer, and holding that the award did not infringe the prohibitions of the federal Constitution. The award was made in conformity to the statutes of California where the contract of employment was entered into, rather than those of Alaska, where the injury occurred. The contract of employment stipulated that the Alaska Workmen’s Compensation Act should govern. The California court held this stipulation invalid. That case definitely turned upon the question of
 
 lex loci contracts.
 

 We agree with the court below that the purpose of the Ohio workmen’s compensation law is to protect Ohio workmen, but this does not mean that the purpose of the law is to protect Ohio citizens or residents. Both residence and citizenship are immaterial.
 

 As held in the case of
 
 Industrial Commission
 
 v.
 
 Gardinio, supra,
 
 a citizen of Ohio is not protected by the workmen’s compensation law when injured while performing work of a purely local character in another state. On the other hand, as held in the case of
 
 Ohio
 
 v.
 
 Chattanooga Boiler & Tank Co.,
 
 289 U. S., 439, 77 L. Ed., 1307, 53 S. Ct., 663, the Ohio law does protect a
 
 *50
 
 resident of another state injured while performing services on a project wholly within this state.
 

 Until such time as the federal Congress acts and pre-empts the field, the state of Ohio may require an Ohio employer engaged in operating a trucking line in interstate commerce to protect his employees under the Workmen’s Compensation Act of this state. But to require a nonresident employer engaged in interstate commerce whose employees enter this state in the course of their employment in interstate commerce to comply with the Ohio workmen’s compensation law would place an undue burden upon interstate commerce.
 

 It may be argued that such burden on interstate commerce might be obviated by the employer paying a premium on the proportion of the workmen’s wages measured by the time spent in the several states. While such an arrangement might be reasonable in some cases, it can readily be seen that such procedure would at once become a burden in and of itself in the majority of cases. Before an employer engaged solely in interstate commerce might send a workman into or through Ohio, it would be necessary for the employer to qualify in Ohio and pay a premium, which premium in the great majority of cases would be of a speculative amount. It would be somewhat analogous to securing a visa for foreign travel and paying a premium on a bond to insure that the workman would not become a public charge. It would isolate the states — the avoidance of which and the assurance of free intercourse among the states are the purposes of the commerce clause.
 

 We do not consider a workman employed in interstate commerce only, under a contract made outside the state of Ohio with a nonresident employer, an Ohio workman within the contemplation of the Ohio Workmen’s Compensation Act.
 

 It is our holding, therefore, that where a person en
 
 *51
 
 ters into a contract of employment in the state of Michigan with a Michigan employer to perform services in interstate commerce only, receiving hi's salary and instructions from his employer in the state of Michigan and being certified to the Industrial Accident Board of that state, such person is not entitled to participate in the State Insurance Fund (workmen’s compensation fund) of this state on account of an injury received in the state of Ohio, and arising out of such interstate employment.
 

 We believe that the interpretation of the workmen’s compensation law contended for by appellee, which in effect would require employers engaged in interstate commerce to comply with the workmen’s compensation law of each state through which they operate, would result in an undue burden upon interstate commerce and would therefore be in violation of the commerce clause of the federal Constitution.
 

 Judgment reversed and final judgment for appellant.
 

 Weygandt, C. J., Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.