595 P.2d 761

**Eugene BURNS, Plaintiff-Appellee,**

v.

**TRANSCON LINES, Employer, and Transport Indemnity Company, Insurer, Defendants-Appellants.**

**No. 3837.**

Court of Appeals of New Mexico.

March 15, 1979.

Writ of Certiorari Denied May 1, 1979.

William P. Gralow, Civerolo, Hansen & Wolf, Albuquerque, for appellants.

Terry M. Word, Richard E. Ransom, Smith, Ransom & Gilstrap, Albuquerque, for appellee.

OPINION

WOOD, Chief Judge.

The issue in this workmen's compensation case is whether plaintiff should have been awarded compensation benefits under the New Mexico law. Defendants' contention is that Oklahoma law should have been applied.

Plaintiff is a resident of Oklahoma employed as a truck driver. He was hired in Oklahoma. His employer, Transcon Lines has an Oklahoma City address. Plaintiff's truck run was from Oklahoma City to the West Coast and return to Oklahoma City. Plaintiff was injured in March, 1977 when

the truck in which he was riding was involved in an accident in Bernalillo County, New Mexico. Compensation was awarded on the basis of disability resulting from this New Mexico accident.

On appeal, defendants do not contest the trial court's determination that plaintiff suffered a compensable injury, and do not contest an award based on two weeks temporary total disability and 15 percent partial disability. Defendants claim that Oklahoma law should have been applied in reckoning the benefits.

In making this claim, defendants do not contend that New Mexico lacked jurisdiction to award benefits under the New Mexico compensation statute. Nor do defendants claim that "full faith and credit" or any other constitutional principle required that the benefits awarded be based on the law of Oklahoma rather than the law of New Mexico. See *Chapman v. John St. John Drilling Company*, 73 N.M. 261, 387 P.2d 462 (1963). Defendants assert that Oklahoma has the greatest interest in the employment relationship, "that the better approach would be to apply Oklahoma law to the award and the New Mexico Court could have and should have done so."

Defendants do not inform us as to the Oklahoma law they would have the New Mexico courts apply. An Oklahoma statute, in effect at the time of plaintiff's accidental injury, was 85 Okla.Stat.Ann. § 4. This statute provided that:

[a] Oklahoma law applied "to employers and to employees, irrespective of where accident resulting in injury may occur, whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this State under direction of such employer."

[b] If the provisions of paragraph [a] are met the employee "may elect to commence and maintain his action for benefits and compensation" before the Oklahoma State Industrial Commission.

[c] "*Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the State where injury occurred,* and if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the laws of this State." (Our emphasis.)

If, as defendants contend, Oklahoma law should have been applied by the New Mexico court, the Oklahoma statute gave the injured employee the option to recover "any benefits or compensation" provided under New Mexico law. See *Morrison v. Hurst Drilling Company*, 508 P.2d 643 (Okl.1973). This Oklahoma statute does not, however, tell us what benefits or compensation are provided under New Mexico law for a workman injured while travelling through New Mexico.

The New Mexico compensation law does not specifically state that New Mexico compensation benefits are to be paid to a transitory worker suffering a compensable injury in New Mexico. However, legislative history and current provisions of New Mexico compensation statutes show that the benefits to which plaintiff was entitled were the benefits of the New Mexico workmen's compensation law.

Laws 1949, ch. 14, § 2 (compiled as § 59–10–34, N.M.S.A.1953, 1st Repl. Vol. 9, pt. 1) provided, under certain conditions, for an exemption from the New Mexico compensation law of an employer and his employee who was hired outside of New Mexico but was temporarily within New Mexico doing work for his employer. Under this statute the "benefits under the workmen's compensation act or similar laws of such other state shall be the exclusive remedy against such employer for an injury * * received by such employee while working for such employer in this state."

The above 1949 law was repealed by Laws 1973, ch. 227, § 2. Since this repeal, no New Mexico statute has excepted the out-of-state employee, injured in New Mexico, from benefits under the New Mexico compensation law. Laws 1973, ch. 227, § 1 enacted new extraterritorial provisions. The changes effected by Laws 1973, ch. 227 show a legislative intent to change the law that previously existed. *State ex rel. Bird v. Apodaca*, 91 N.M. 279, 573 P.2d 213 (1977).

Laws 1973, ch. 227, § 1 was repealed by Laws 1975, ch. 241, § 1. This 1975 law re-enacted the 1973 law as three sections. The pertinent sections are §§ 52–1–65 and 52–1–66, N.M.S.A. 1978.

Section 52–1–66 provides a method for the out-of-state employer to "be deemed to have secured the payment of compensation under this act" in a situation "[i]f an employee is entitled to the benefits of this act by reason of an injury sustained in this state in employment by an employer who is domiciled in another state and who has not secured the payment of compensation as required by this act * * *."

Section 52–1–65, supra, provides that a payment "of benefits under the workmen's compensation law of another state * * * to an employee * * * otherwise entitled on account of such injury * * * to the benefits of this act * * * shall not be a bar to a claim for benefits under this act * * *."

■ Neither § 52–1–65 nor § 52–1–66, supra, expressly provide that New Mexico benefits are to be paid the transitory employee injured in New Mexico. Both statutes, however, contemplate that New Mexico benefits are to be paid; that benefits from another state do not control the permissible recovery in New Mexico. These provisions, combined with the repeal of the 1949 law which excluded the transitory employee from New Mexico benefits, and the legislative intent to change the 1949 law, provide the basis for our conclusion. That conclusion is that a transitory employee suffering a compensable injury in New Mexico is entitled to the benefits provided by the New Mexico workmen's compensation law.

■ New Mexico law required that plaintiff's award be on the basis of New Mexico benefits; the trial court did not err in awarding those benefits. Defendant's argument as to a "better approach" is not only foreclosed by our statutory provisions but would not lead to a different result under Oklahoma law.

The judgment is affirmed. Plaintiff is awarded $1,750 for services of his attorney in the appeal.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, Judge (dissenting).

I dissent.

Plaintiff is a resident of Oklahoma employed by defendant, Transcon Lines, an Oklahoma Corporation, engaged in interstate commerce. Plaintiff was employed to operate a truck from Oklahoma City to Fresno, California and back. An accident occurred in Tijeras Canyon, New Mexico while plaintiff was in the sleeper of the truck. Plaintiff suffered injuries arising out of an accidental injury, and recovered workmen's compensation benefits in the district court.

The crucial issue on appeal is whether the district court had jurisdiction to award compensation benefits to plaintiff while he was engaged in interstate commerce. This issue is a matter of first impression.

In 1929 (Laws 1929, ch. 113, § 11, p. 212), the legislature adopted the following provision now designated as § 52–1–14, N.M.S.A. 1978:

> This act shall not be construed to apply to business or pursuits or employments which according to law are so engaged in interstate commerce *as to be not subject to the legislative power of the state*, nor to persons injured while they are so engaged. [Emphasis added.]

For half a century, this provision has not been interpreted or applied. What is meant by the phrase "as to be not subject to the

794

legislative power of the state?" "The consensus of authority seems to be that a state may provide compensation to one engaged in interstate commerce so long as the Congress of the United States, acting under its constitutional power to regulate commerce among the states, has not pre-empted the field." *Hall v. Industrial Commission of Ohio*, 131 Ohio St. 416, 3 N.E.2d 367, 370 (1936). Congress has not pre-empted this field. But when Congress has not acted, state powers may only be exercised with certain limitations. This power extends to those matters of a local nature in which the employer is in business in the state and the employee engages in interstate commerce. This power to provide compensation to one engaged in interstate commerce does not extend to nonresident employers whose employee enters this state in the course of employment in interstate commerce. This would place an undue burden on interstate commerce. *Spohn v. Industrial Commission*, 138 Ohio St. 42, 32 N.E.2d 554, 133 A.L.R. 951 (1941).

In *Spohn*, the court held that a resident of Ohio who entered into a contract employment in the State of Michigan with a Michigan Corporation to act as an "over the road driver" of trucks engaged only in interstate commerce was not entitled to participate in the Ohio State Workmen's Compensation Fund on account of an injury received in Ohio and arising out of such interstate employment. The rule is otherwise when a nonresident employer is engaged indiscriminately in interstate and intrastate commerce. *Holly v. Industrial Commission*, 142 Ohio St. 79, 50 N.E.2d 152, 148 A.L.R. 868 (1943).

Section 52–1–14, *supra*, means not only that the Act shall not apply to nonresident employers engaged in interstate commerce, but it shall not be "construed to apply." We cannot read between the lines, infer, deduce or take this section to mean that the Act shall apply to nonresident employers engaged in interstate commerce.

"Since we adopted the Colorado statute we should not lightly refuse to follow its construction by the Supreme Court of that state." *Stevenson v. Lee Moor Contracting Co.*, 45 N.M. 354, 369, 115 P.2d 342, 351 (1941). We did not adopt the same interstate commerce clause. C.L. 1921, § 4384 of the Colorado Compensation Act before amended, read:

The provisions of this act shall not apply to common carriers engaged in interstate commerce nor to their employees.

The Colorado Supreme Court held that the Act was applicable to an employee of a "contract carrier" as distinguished from a "common carrier." *Zelle v. Industrial Commission of Colorado*, 100 Colo. 116, 65 P.2d 1429 (1937). However, where the employer is engaged solely in interstate commerce, the employee is barred from compensation benefits. But if the employer is engaged in interstate and intrastate commerce, coverage depends upon the specific engagement or work at the time involved. *Consolidated Fast Freight v. Walker*, 103 Colo. 347, 85 P.2d 720 (1938). In *Cohen v. Schaetzel*, 106 Colo. 266, 103 P.2d 1060 (1940), the employer operated a trucking business between Denver and Chicago. The employee was killed in an accident in Nebraska while riding in the truck. The employer was not doing business in Nebraska. The Colorado Supreme Court affirmed a judgment against the employer in an action for damages because the Nebraska and Colorado Workmen's Compensation Commissions were without jurisdiction to award compensation benefits. *Nebraska was without jurisdiction because the employer was a nonresident employer, whose employee was engaged in interstate commerce in Nebraska.* Colorado was without jurisdiction because § 4384, *supra*, was applicable.

*Spohn* and *Cohen* are supported in *McClung v. Pratt*, 44 Wash.2d 779, 270 P.2d 1063 (1954).

In the State of Washington, § 51.12.090 of the Industrial Insurance Act reads in part:

The provisions of this title *shall apply to employers and workmen* (other than railways and their workmen) *engaged in intrastate and also in interstate or foreign commerce*, for whom a rule of liabili-

ty or method of compensation now exists under or may hereafter be established by the Congress of the United States * *. [Emphasis added.]

*McClung* held that, despite the application of the Act to interstate commerce, a nonresident motor carrier who was engaged in business *only* in interstate commerce did not come within the purview of this section and employees of such nonresident employer was not covered by the Act while engaged *exclusively*, in interstate commerce in the State of Washington. To come within the purview of the Act, the nonresident motor carrier must be engaged in *both* interstate and intrastate commerce.

In the instant case, unquestionably, the district court was without jurisdiction to award plaintiff workmen's compensation benefits.

There is another basis for this conclusion.

Section 52–1–2, N.M.S.A. 1978 reads in pertinent part:

> [E]very private person, firm or corporation engaged in carrying on for the purpose of business or trade *within this state* * * * shall become liable to, and shall pay to any such workman * * * compensation in the manner and amount, at the time herein required. [Emphasis added.]

The section covers only employers who carry on their business in New Mexico. It does not cover employers from foreign states who engage in interstate commerce through the State of New Mexico and the employee suffers an accidental injury in New Mexico.

*Industrial Commission v. Watson Bros. Transp. Co.*, 75 Ariz. 357, 256 P.2d 730 (1953) involved Watson Bros., a Nebraska Corporation, with its principal place of business located in Omaha. It was engaged in interstate trucking in Colorado, New Mexico, Arizona and California. Watson Bros. was assessed premiums by the Arizona Commission's Order. Watson Bros. sought to set aside the order directing payment. The Supreme Court held the Commission was without jurisdiction to assess and collect premiums from a foreign corporation engaged in interstate commerce covering workmen who were employed outside the state who drove trucks across the state while engaged in interstate commerce between termini outside the state.

Nothing appears in the New Mexico Workmen's Compensation Act that grants a district court jurisdiction to award plaintiff compensation benefits inasmuch as plaintiff was an employee of an Oklahoma Corporation employed to transport from Oklahoma to California, and through the State of New Mexico.

The judgment of the district court must be reversed.