O'Brien v. Wilson, 26 N. M. 641.

---

## O'BRIEN v. WILSON

[No. 2475, Feb. 5, 1921.]

### SYLLABUS BY THE COURT.

The seventh paragraph of section 5424, Code 1915, interpreted, and held to authorize the filing of a claim against the estate of a deceased person one day after the expiration of one year after the issuance of letters testamentary, in case the last day of the year following the issuance of such letters falls on Sunday.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Proceedings by Morgan J. O'Brien against Joseph R. Wilson, executor of the estate of Mathilde Julia Bouvard Cardonar, deceased. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with instructions.

Simms & Botts, of Albuquerque, for appellant.

The concrete question in this case is: if claimant files his claim on the last day of the year, and on that day gives written notice that he will five days later call his claim up in court for action is he barred? Or, in other words, is the filing within the year and giving notice on the last day sufficient, or must the notice have run for five days before the end of the year?

"In computing time, the first day shall be excluded and the last day included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday." Sec. 5424, Code 1915, par. 7.

The claimant in this case filed his claim in court within time, as computed by the Statute, for excluding the 30th day of November (1918) the first day, the last day of the year, November 30th, 1919, fell on Sunday, and the claimant had all of the following Monday, on which date he filed his claim and gave his notice as required by law. The question therefore narrows down to whether his five days notice must have been given and have run to completion within the year?

If the construction of the statute of non-claim should be such as to require the ripening of notice or its maturing within the year, it would practically amount to making it a 359 day statute under the most favorable conditions, and as much shorter as the circumstances of each case might make it, where probate courts sit seldom, as in many of our counties with spare population.

The object of the statute of non-claim is to cut off claims which are not presented with diligence, and the fixing of a definite line or time within which they must

be disclosed and presented, is evidently a wise precaution, to prevent stale claims being presented and litigated when the personal representative might not have the proof available to examine or contest them, or the witnesses might be scattered or dead. But we submit that a one year statute of non-claim is of itself a short statute, and there certainly is neither legislative intent nor judicial necessity for such a construction as to further reduce it. The statute uses the words "five days notice of the hearing thereof". Suppose, for example, eleven months had elapsed since the appointment of the administrator; a claimant files and presents to the administrator a claim, with a written notice that on the first day of the next regular term of the probate court, say two months off, he will bring the claim up for hearing; then the hearing date would be a month beyond the year, while the filing and giving of notice was within it. For what purpose is the five day part of the statute inserted? Evidently, to prepare for hearing the claim, the same as the five day notice period on motions and other dilatory matters in open court. The statute provides (Sec. 2277) that the administrator may approve the claims and waive the notice; this would seem to indicate that the five days notice part of the statute is not connected with the computation of the limitation, but is inserted for the protection of the representative against too speedy hearing or insufficient time for preparation, before hearing on the claim. If it be contended that the claimant must, at his own risk, compute the necessary time from a hearing date, back to include the five days notice, and get the whole matter through within the year, we have a perfect jumble of figures as to when a claim must be filed to be within time; but if, on the other hand, we take the plain wording of the statute, and file within the year, and give the notice, we have a definite rule which any claimant can follow. The statute says give five days notice of the hearing; this the appellant did. He gave the notice within the year for a hearing date five days after the year expired. We submit that

the date of the giving of the notice should control, and
not the hearing date; otherwise, if a distant hearing
date should be necessarily set to accommodate wit-
nesses or parties, by fixing it at a later date than the
minimum of five days, a claimant would be shortening
his year for presentation and filing, and would be in
every case subject to the loss of his substantial rights
if he failed to guess right.

We are unable to find a decision from any state
covering the question raised in this case, one way or
the other. We therefore have sought to present this
matter in the light of its practical working, and sub-
mit that the trial court erred in ruling that the appel-
lant's claim was barred.

A. B. McMillen, of Albuquerque, for appellee.

Appellee contends that the claim was barred by the
statute for the following reasons:

1. Section 2277 of the 1915 code provides that such
claims shall be stated in detail, sworn to and filed, and
five days notice of the hearing thereof, accompanied
by copy of the claim, shall be served on the executor;
and section 2278 provides: "All claims against the
estates of deceased persons not filed and notice given
as provided in the preceding section, within one year
from the date of the appointment of the executor or ad-
ministrator, shall be barred. The statute seems to re-
quire the claim to be filed and the five days notice to
be given within the year, and that seems to be the view
taken in the court in the case of Buss v. Dye, 21 N. M.
146, in which the syllabus states the legal principle as
follows:

"All claims against the estate of deceased persons not filed
in the probate court and notice given as provided by law,
within one year from the date of the appointment of the
executor or administrator, are barred."

2. The more important objection, however, is that
the claim was not filed at all "within one year" as pro-
vided by statute. There is not uncertainty about this

statute: "Within one year" does not mean and cannot mean one year and a day. There would be no use of making limitations if courts by construction could extend the time. One day late is just as fatal as one year, so far as the statute is concerned. Appellant's counsel, however, attempt to avoid the plain provision of the statutory bar by quoting the seventh sub-division of section 5424, which is as follows: "Seventh: In computing the time, the first day shall be excluded and the last day included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday." They fail to quote, however, the first paragraph of section 5424, which provides:

"In the construction of statutes, the following rules shall be preserved, unless such construction would be inconsistent with the manifested intent of the legislature or repugnant to the context of the statute."

The construction contended for by sub-division 7 above referred to is inconsistent with the manifest intent of the legislature, and is repugnant to its express provision. To say that a claim may be filed within a year and a day nullifies the provision of section 2278, which provides that it must be filed within a year. The two cannot stand together: they are not the same thing. It is therefore entirely consistent with section 5424 to give to section 2278 its evident and clear meaning, because the rule of construction is not to be adopted where its is inconsistent with the manifest intent of the legislature or repugnant to the context of the statute. When we say that a claim must be filed "within one year", the manifest intent of the legislature is not left uncertain. The very words import an exact and exclusive meaning.

This same construction would have followed for another reason: The repealing clause in the 1915 Code provides that "In the event that any section or part of a section hereof is inconsistent with or conflicts with any other section or part of a section, reference may

be had in construing the same to the date of the passage of the original acts from which said, sections were taken. Section 5424 was passed February 12, 1880. Section 2278 was passed February 26, 1889, and therefore, being the later statute, its provisions must prevail as against any inconsistent provision in section 5424.

Again, paragraph 7, by its terms, purports to refer to time computed by days, and not to calendar months or calendar years. The statute itself is nothing more. than the adoption of a general rule usually prevailing independent of statute, but neither such general rule or statutory provision refers to statutes of limtation; and in discussing this principle, the Supreme Court of eKntucky, in Geneva Coperage Co. v. Brown, 124 Ky. 16; 98 S. W. 279, said:

"But this rule has never been extended to embrace statutory provisions limiting the time in which an action must be brought: indeed, there seems to be no good reason why the court should take the liberty of extending the period of limitation fixed by the legislative department when the time fixed is sufficient to give all persons interested ample opportunity to protect their rights by instituting an action."

In the case of William V. Lane, 87 Wis. 152, 58 N. W. 77, the Supreme Court of Wisconsin, in construing a mechanic's lien in which the last day of the year was Sunday and the suit brought on the following Monday, said:

"We are of the opinion that the action as to the plaintiffs was not brought in time, and that by the great weight of authority, where the time for doing an act is one or more years and the last day falls on Sunday, it cannot be lawfully performed on the next day. In such case the act should be performed on the preceding day."

See also Allen v. Elliott, 67 Ala. 432; Lowry v. Statz, 138 Ky. 251; 127 S. W. 789; Morris v. Richards, 46 J. P. 37; 45 L. T. Rep. N. S. 210.

We think, however, that the citation of authorities is wholly unnecessary. The plain provision of the statute admits of but one construction, and that is the claim must be filed and notice given "within one year"

from the appointment of the executor. One year and a day is not within one year. The statute is plain, the time is ample, and appellant failed to avail himself of the plain provisions of the statute.

### OPINION OF THE COURT.

PARKER, J. The appellant had a claim against the estate of Mathilde Julia Bouvard Cardoner, deceased. This claim was not filed within one year from the date of the appointment of the executor of the last will and testament of the deceased. The last day of the year following the appointment of the executor by the court expired on Sunday, and the following Monday the claim was filed and the proper notices of application to the court for its allowance were given.

Appellant relies upon the seventh paragraph of section 5424, Code 1915. This section is a section devoted to certain rules of statutory construction which shall be employed in construing the statutes of the state. Paragraph 7 of the section relates to the computation of time as prescribed in statutes, and is as follows:

"In computing time the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday."

This court has never had occasion to pass upon such a proposition as the one involved in this case. It is argued by counsel for appellant that the case is within the letter of the saving clause in the statute. The appellant had one year after the issuance of letters testamentary to the executor within which to present to the court for allowance his claim against the estate. That year expired on Sunday, and appellant claims that by the very letter of the statute in all such cases the time is extended until the following day within which to perform the act required. Opposed to the position is the argument of counsel for appellee (1) that not only must a claim be filed, but that five days' notice

must be given within the year. If we understand counsel, the claim is made that the claim must be filed and the full five days' notice must have expired during the year. We do not understand that this is the case. The filing of the claim and the giving of the notice to the executor are all that the statute requires, and if this be done within the year the determination of the validity of the claim may be arrived at at any convenient time thereafter by the court. At least there is no language in the statutes which would seem to require more than this. Counsel for appellee argues, secondly, that the seventh paragraph of section 5424, Code 1915, was not intended to control the provisions of the statute requiring the filing of claims against estates within one year from the appointment of executors or administrators. He relies upon the first paragraph of said section 5424, Code 1915, which provides.

"In the construction of statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifested intent of the Legislature or repugnant to the context of the statute."

It is argued that this first paragraph of section 5424 controls the application of the seventh paragraph of said section to a case like the present, and to say that a claim may be filed within one year and a day instead of one year, as provided by section 2278, Code 1915, is to give an effect to paragraph 7 which is inconsistent with the manifest intent of the Legislature and repugnant to its express provisions. It is further argued, by counsel for appellee that by reason of the repealing clause in the Code of 1915, p. 1665, which provides:

"In the event that any section or part of a section is inconsistent with or conflicts with any other section or part of a section, reference may be had, in construing the same, to the date of the passage of the original acts from which said sections were taken."

—that recourse may be had to the respective dates of the passage of sections 2278 and 5424, Code 1915, and that section 2278, which provides for the filing of claims within one year, being subsequent in time, is control-

ling. The argument, it seems to us, is faulty for the reason that section 5424 is a continuing statute. It attaches itself to acts passed prior or subsequent to the time it was enacted. It is designed by the Legislature to be permanent in character so long as it remains unamended or unrepealed.

Counsel for appellee cites several cases touching upon this subject, but in neither of them was there a statute like the one we have. See Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. 279, 124 Am. St. Rep. 388; Williams v. Lane, 87 Wis. 152, 58 N. W. 77; Allen v. Elliott, 67 Ala. 432; Lowrey v. Stotts, 138 Ky. 251, 127 S. W., 789; Morris v. Richards, 46 J. P. 37, 45 L. T. Rep. (N. S.) 22; Vailes v. Brown, 16 Colo. 462, 27 Pac. 945, 14 L. R. A. 120. In the Wisconsin case, above cited, the last day of the year within which suit might be brought on a mechanic's lien was Sunday and the suit was brought on the following Monday. The court held it was too late. But so far as appears they had no statute like our section 5424 in Wisconsin.

·On the whole, the argument in behalf of appellee in support of the judgment of the district court disallowing the claim of appellant, because not presented in time, is unsatisfactory and not conclusive. On the other hand, the argument of counsel for appellant seems to be founded in reason and justice. We find no reason to exclude from consideration the provisions of the seventh paragraph of section 5424, Code 1915, in determing the time in any case within which action or proceedings must be brought. If the year within which claims against estates of deceased persons must be filed expires on Sunday, there is no reason why, in view of the statute, the act may not be performed on the following Monday.

For the reasons stated, the judgment of the court below will be reversed and the cause remanded, with instructions to proceed in accordance herewith; and it is so ordered.

Roberts, C. J., and Raynolds, J., concur.