**UNITED STATES v. FISHER et al.**

Civ. A. No. 682.

United States District Court
W. D. Kentucky, at Paducah.

June 4, 1953.

David C. Walls, U. S. Atty., Louisville, Ky., Bacon R. Moore, Sp. Asst. to U. S. Atty., Louisville, Ky., for plaintiff.

James P. Hanratty, Hopkinsville, Ky., David R. Reed, Paducah, Ky., for defendants.

SHELBOURNE, Chief Judge.

The United States sues to enjoin defendants from violations of a price stabilization regulation and to recover penalties for past violations.

Paragraph VII of the complaint alleges in general terms continuing violations of the regulation since April 1, 1951, to the present. The action was filed December 1, 1952. Paragraph IX of the complaint alleges specifically violations of the regulation for the accounting periods ended July 31, 1951 and November 30, 1951.

Defendants contend that the action is barred by the limitations period of one year contained in the Statute, 50 U.S.C.A. Appendix, § 2109(e), filed an answer so pleading, and move for judgment pursuant to Federal Rules of Civil Procedure, Rule 12(c), 28 U.S.C.A.

Defendants in their brief argue that the complaint was filed on December 3, 1952, but the complaint was marked "filed" by the Clerk December 1, 1952. December 1, 1952 was a Monday.

Federal Rules of Civil Procedure, Rule 3, provides that a civil action is commenced by filing a complaint with the Court.

Federal Rules of Civil Procedure, Rule 6 (a), provides that in "computing any period of time prescribed or allowed by these

rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

The limitations period contained in 50 U.S.C.A.Appendix, § 2109(c) is in the following language—

"If any person * * * violates a regulation or order * * * the person who buys * * * may, within one year from the date of the occurrence of the violation * * * bring an action against the seller * * *."

Federal Rules of Civil Procedure, Rule 8(e) (2) provides that—

"A party may also state as many separate claims or defenses as he has regardless of consistency * * *."

## Questions Presented

1. Has the statute of limitations run (a) on the specific violations alleged in paragraph IX for the accounting period ended July 31, 1951? (b) On the specific violations alleged in paragraph IX for the accounting period ended November 30, 1951?

2. What is the effect of the general violation alleged in paragraph VII for the period "since April 1, 1951, to the present"?

1. *(a) Running of the statute on the period ended July 31, 1951.*

It appears, in the absence of a showing to the contrary by defendants, that the instant action was commenced December 1, 1952, the date shown by the Clerk's stamp on the complaint. Defendants are evidently in error that the action was commenced December 3, 1952. The action is commenced when the complaint is filed, not when a summons is served. Federal Rules of Civil Procedure, Rule 3, supra.

Woods, Housing Expediter, v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 315, cited by the Government in opposition to defendant's motion for summary judgment, is distinguishable on its facts from the instant case. There the price regulation was a rental ceiling. Defendant had charged excessive rentals and, after over a year of so charging, was ordered by the Housing Expediter to reduce his charge and to refund the overcharge. Defendant contended that the one year statute of limitations had barred enforcement of the order as to any excessive rents collected more than a year before date of the order. The Court refused to sustain this contention and said in 333 U.S. at pages 476–477, 68 S.Ct. at page 626:

"We cannot sustain his contention. The statute and regulations made his rentals tentative but not unlawful. Until the contingency of readjustment occurred, the tenant could have had no cause of action for recovery of any part of the rental exacted by the landlord. The cause of action now does not rest upon, and hence cannot date from, mere collection. The duty to refund was created and measured by the refund order and was not breached until that order was disobeyed. * * *"

50 U.S.C.A.Appendix, § 2109(c), the governing statute in the present case provides—

"If any person selling any material or service violates a regulation or order prescribing a ceiling or ceilings, the person who buys such material or service for use or consumption other than in the course of trade or business may, *within one year from the date of the occurrence of the violation,* except as hereinafter provided, bring an action against the seller on account of the overcharge." (Emphasis added.)

No cases construing the above-cited limitations period have been cited by either party or found by the Court, but Schreffler v. Bowles, 10 Cir., 153 F.2d 1, construed a similar limitation period contained in 50 U.S.C.A.Appendix, § 904(a). There the Court said that the one-year limitations period began to run at the date of sale and delivery of the goods in question.

There is no requirement in 50 U.S.C.A. Appendix, § 2109(c), that any order issue before an aggrieved buyer may bring his

action against the seller. The date of the occurrence of the violation sets the statute running. Woods v. Stone, supra, is therefore not in point, but the rule here applicable is that stated in Schreffler v. Bowles, supra.

It follows from the above, that the statute of limitations has run upon the accounting period ended July 31, 1951, because the complaint was not filed until December 1, 1952, several months more than a year later. Defendants' contention is well taken as to this allegation of the complaint.

**■ 1(b) Running of the statute on the period ended November 30, 1951.**

Defendants' contention that the statute has run on the period ended November 30, 1951, presents a closer question.

None of the several cases cited by defendants involves a case in which it is necessary to determine the manner of computation of the statutory period. Defendants' mistake concerning the date of filing the complaint may have accounted for their failure to cite a case in point.

The Court has found only one and does not have the opinion but only the abstract, found in 44 Fed.Digest, Limitation of Actions, ☞115 p. 210. The abstract is as follows:

"Dist.Col.Sup.1885. Under a statute providing that suits shall be brought 'within three years ensuing the cause of such action, and not after,' the day on which the cause of action accrues is to be excluded.—Baker & Bro. v. Ramsburg's Sons, 4 Mackey 1, 15 D.C. 1."

This statutory language is not dissimilar to that of 50 U.S.C.A.Appendix, § 2109 (c), supra.

Hence, applying the rule of Baker & Bro. v. Ramsburg's Sons, supra, the instant complaint was filed in time because if November 30, 1951, be excluded, the limitations period did not commence to run until December 1, 1951, and the complaint was filed exactly one year later—December 1, 1951.

Moreover, this result is supported by Federal Rules of Civil Procedure, Rule 6 (a), supra, under which the day of the act or default is not to be counted but the last day of the period is to be computed unless it be a Sunday. November 30, 1952, the last day of the period by the most conservative counting, was Sunday. Therefore, the complaint need not have been filed until December 1, 1952, the date it was filed.

It follows from the above that the statute of limitations has not run upon the accounting period ended November 30, 1951. Defendants' contention on this allegation of the complaint cannot be sustained.

**2. Effect of the general violation alleged in paragraph VII for the period "since April 1, 1951, to the present".**

There is an apparent inconsistency between the allegations of specific violations in paragraph IX and the general allegation of violation in paragraph VII.

As already pointed out, the statute of limitations has run upon the violation alleged in the accounting period ended July 31, 1951.

**■** Violations commencing April 1, 1951, would of course antedate to those in the period ended July 31, 1951, but if the violations are continuous, then, under the general rule, limitations never run while acts which commence the statutory period continue to occur.

Under Federal Rules of Civil Procedure, Rule 8(e) (2), the government is not prevented from stating its claims regardless of consistency.

**■** Defendants suggest no rule of consistency applied by the federal courts to the effect that specific allegations control general allegations.

Thus in Remer v. Flying Eagle Whiteway Lines, 2 Cir., 172 F.2d 831, plaintiff was allowed to rely upon allegations of specific acts of negligence and the doctrine of res ipsa loquitur, in the same complaint.

Under the general allegation that the violations have continued to the present time, which means until December 1, 1952, the date the complaint was filed, there can be no doubt that the government has alleged at least one cause of action not barred by limitations.

### Conclusion

Defendants' motion for summary judgment should be construed to be and sustained as a motion to strike the specific violation alleged to have occurred in the period ended July 31, 1951, because the one year limitations period had run on December 1, 1952, as to that violation. Otherwise defendants' motion for summary judgment should be overruled.