336 P.2d 1066

Joe L. MAGEE, Appellant,

v.

ALBUQUERQUE GRAVEL PRODUCTS COMPANY, Employer, and American Employers Insurance Company, Insurer, Appellees.

No. 6466.

Supreme Court of New Mexico.

March 18, 1959.

McAtee, Toulouse & Marchiondo, B. J. Stephens, Albuquerque, for appellant.

Iden & Johnson, James T. Paulantis, Albuquerque, for appellees.

McGHEE, Justice.

Appellant's action is brought under the Workmen's Compensation Act.

On November 13, 1957, the appellant filed his complaint alleging that on August 22, 1956, he had been injured while working for defendant-appellee, Albuquerque Gravel Products Company. The defendant company was joined by American Employers Insurance Group, hereafter referred to as appellees. On November 23, 1957, appellees filed a motion to dismiss appellant's complaint on the ground that it was premature and thus the trial court lacked jurisdiction to hear the case. Appellant then filed a motion to strike appellee's motion and requested that appellees be required to file an answer to the complaint pursuant to § 59–10–13, N.M.S.A.1953.

The motions subsequently were heard and on June 2, 1958, following the taking of evidence, the motion of the appellant was denied and that of the appellees was granted and the complaint was dismissed.

The evidence introduced at the hearing showed that on August 22, 1956, while appellant was performing his duties as driver of a ready mix cement truck, he was injured. Following the accident, he was given medical treatment at Lovelace Clinic, Albuquerque, New Mexico. He missed the following day of work but returned for a short time the next day and thereafter continued to perform his regular duties until July 8, 1957. On that date he complained of "blacking out" and was taken to the Veterans' Hospital in Albuquerque by the Personnel and Safety Director of appellee company.

Appellant left the Veterans' Hospital on August 6, 1957, and returned to his former job performing his usual duties as truck driver. It does not appear that he immediately informed appellees that he was treated for a back injury or that he desired to claim for compensation for the period spent in the Veterans' Hospital. He continued on the job until October 31, 1957, when he quit his job with the appellee.

After August 12, 1957, appellant's attorney contacted the defendant compensation carrier about the injury and the appellee compensation carrier thereafter wrote claimant's attorney on September 18, 1957, that it would toll the statute of limitations for a reasonable length of time in order that a medical report be obtained from the Veterans' Hospital and settlement negotiations be continued. Shortly after August 23, 1957, appellant's attorney sent to appellees a medical report from Dr. Boyd, an orthopedic surgeon, which contained statements by the claimant in regard to a back condition and pain and discomfort on the job. A copy of the Veterans' Hospital report was received on or about October 2, 1957. This report stated that appellant's chief complaint on admission to the hos-

pital was "black out spells" but that he later complained of a back injury.

After the appellant quit his job on October 31, 1957, appellees informed appellant's attorney that it would begin compensation payments immediately and was told that suit would be filed anyway and on November 13, 1957, the claim for compensation which had been signed by the claimant and acknowledged on September 11, 1957, was filed. This claim was for total permanent disability from the date of the injury, August 22, 1956.

Appellant's first compensation check was issued November 12, 1957, and payments were made continuously covering the period from October 31, 1957, to April 15, 1958, including the waiting periods of August 23, 1956, and October 31, 1957, to November 5, 1957.

Appellant cited as error the trial court's refusal to sustain claimant's motion to strike defendants' motion to dismiss. Appellant contends that under the New Mexico Workmen's Compensation Act the only pleadings permitted are a complaint and answer and that defendants' motion to dismiss should have been stricken since not expressly provided for under the act.

We have held that the Workmen's Compensation statutes are sui generis and create rights and procedures which are exclusive and are in derogation of the common law and the code of procedure with certain exceptions as provided in the statutes. Hudson v. Herschbach Drilling Co., 1942, 46 N.M. 330, 128 P.2d 1044; State ex rel. Cardenas v. Swope, 1954, 58 N.M. 296, 270 P.2d 708; Guthrie v. Threlkeld Co., 1948, 52 N.M. 93, 192 P.2d 307, 309.

Appellant especially relies on our case of Guthrie v. Threlkeld Co., supra, in which we stated:

"So far as pleadings are concerned, the Workmen's Compensation Act is complete in itself and the provisions thereof have not been modified by our rules. By its terms the only pleading allowed on the part of a defendant is an answer, and an amendment to the claim or answer may only be made by leave of the trial court at or before any hearing, and then only on such terms as may be allowed by the court. Sec. 57–913, 1941, N.M.S.A."

However, we went on to say:

"This provision imposes on a defendant the burden of pleading his legal defenses and his plea to the merits in his answer, *or take his chances on being allowed to later plead to the merits if the trial court holds that his legal exceptions are not well taken.*" (Emphasis ours).

Pleadings which do not go to the merits of the case may be treated as an answer if well founded, although as stated

above, if the legal exceptions are not well taken, the defendant may lose his opportunity thereafter to plead on the merits and such result may follow here. It is not our intention to permit the rules of civil procedure to be engrafted on the Workmen's Compensation Act where its provisions cover the situation. We treat the motion as an answer. The trial court did not err by entertaining the motion to dismiss.

Appellant further contends that even if a motion to dismiss is permissible under the Workmen's Compensation Act, the court erred in dismissing claimant's action as premature and holding that a workman could not be totally and permanently disabled and still carry on his regular work at his regular rate of pay subsequent to the injury.

We are passing only on the question of prematurity of the filing of the claim.

■ Although the accident occurred on August 22, 1956, for purposes of compensation the injury dates from the time that it caused an incapacity for work. Swallows v. City of Albuquerque, 1955, 59 N.M. 328, 284 P.2d 216; Harlowe v. Hare, 1947, 51 N.M. 326, 184 P.2d 300; Anderson v. Contract Trucking Co., 1944, 48 N.M. 158, 146 P.2d 873.

■ The evidence introduced in the hearing upon appellees' motion to dismiss shows that appellees knew that appellant was injured on August 22, 1956, that no settlement had been made, that appellant was hospitalized during the period of July 8, 1957, to August 6, 1957, that Dr. Boyd had prescribed a back brace and that appellant had obtained one. After August 12, 1957, settlement negotiations with appellant's attorney were entered into and on September 18, 1957, appellees wrote a letter tolling the statute of limitations so that settlement negotiations could be continued.

The compensation period began on July 8, 1957, when the claimant became incapacitated by the injury and appellee had notice thereof and a claim for compensation at least by September 18, 1957, when the letter tolling the statute of limitations was sent.

Therefore, the action filed on November 13, 1957, was not filed less than 31 days after the injury became compensable and is not premature.

The trial court erred in holding that the complaint was premature and sustaining defendant's motion to dismiss.

■ The appellant asks for attorney fees for services rendered on this appeal. Such an allowance would be premature under the provisions of § 59–10–23, 1953 N.M.S.A., 1955 Pocket Supplement, as no award has yet been made.

The cause will be remanded to the district court with instructions to vacate the order of dismissal and to proceed in accordance with the views herein expressed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and CARMODY, JJ., concur.