**374 P.2d 122**

Jerome PIES, Claimant, Plaintiff-Appellant,

v.

**BEKINS VAN AND STORAGE COMPANY,** Inc., Employer, and Employees Mutual of Wausau, Insurer, Defendants-Appellees.

**No. 7087.**

Supreme Court of New Mexico.

Aug. 14, 1962.

**362**

most a 17% reduction. We held that the amount of earnings was not conclusive as to earning ability or capacity, and that a judgment for a greater percentage of disability would be upheld if supported by proper findings based upon substantial evidence.

The instant case is an appeal by the employee from an allowance of 15% partial permanent disability where actual earnings showed a 30% reduction.

The rule announced in Batte is equally applicable here, and the result in this case must be the same as in that.

The court made the following pertinent findings touching on earning ability:

Montoya & Shwartz, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellees.

MOISE, Justice.

The issue in this case is identical with the one this day decided in Batte v. Stanley, Inc., N.Mex., 374 P.2d 124.

In that case the employer appealed from an allowance of 60% partial permanent disability where actual earnings showed at

"2. That the Plaintiff worked for the Bekins Van and Storage Company, Inc. at an hourly wage of $1.52 per hour for approximately 10 hours per day or approximately $76.00 per week.

"5. Following the compensable accident of June 3, 1960 the plaintiff was temporarily totally disabled until September 3, 1960 or for approximately 13 weeks; was 50% temporarily partially disabled thereafter until December 3, 1960 for another approximate 13 weeks; and suffers a permanent partial disability of 15%.

"6. That the plaintiff has completed one year and one half year in general college.

"7. That the plaintiff has spent four years in the United States Navy as a hospital corpsman.

"8. The plaintiff has spent three or four months on a delivery route driving a paneled truck, at a weekly salary of approximately $50.00 per week.

"9. That the plaintiff worked as a part time helper at the Bekins Van and Storage Company, Inc. in Pasadena, California, doing heavy work at an hourly wage of $2.55 for approximately three months prior to his injury.

"10. That the defendant has worked at the Huntington Hospital in Pasadena, California, as an orderly.

"11. Immediately previous to obtaining the employment with the defendant-employer, the plaintiff had worked for the Equitable Audit Company out of San Carlos, California as a shopper earning $1.75 per hour, working on the average of 10 to 12 hours per day and 6 days a week. He held this employment approximately 2 to 3 months. In his work as a shopper, the plaintiff would go to various businesses to purchase merchandise and observe the employees of various business concerns to find out how they handled their sales and accounted for the moneys they received from the sales. No lifting was required in this work.

"12. That the plaintiff, at the time of trial was and is presently employed in Phoenix, Arizona in a General Hospital as an orderly and manages to keep from doing heavy work. although the employment requires it at times and plaintiff earns a weekly wage of approximately $55.00.

"13. That the plaintiff had, as of December 3, 1960 and as of the time of trial, an earning capacity or an ability to earn an average weekly wage of $64.60, the equivalent of a permanent partial disability of 15%."

█ It is apparent that the facts found of $50.00 per week earnings, or $53.00 per week earnings would support a finding of 30% disability, under the formula of § 59–10–18.3, N.M.S.A.1953, the earnings at time of the injury having been $76.00. However, in finding No. 13 earning capacity, as distinguished from earnings, is found to be $64.60 per week. Under the rule of Batte, supra, this is proper.

Appellant, in his brief, does not attack any of the findings. In his Point No. 1 he states that the court "erred in its Findings of Fact and Conclusions of Law * * *" However, nowhere in the brief is our attention called to any particular findings or conclusions that are not supported by substantial evidence or which are erroneous. As a matter of fact, although three points

are relied on for reversal, we do not find that any of them are argued. Under a heading of "Authorities and Arguments" is found a sub-heading "Preliminary Statement" and the entire discussion follows without further reference to the points. As we analyze claimant's position, it is simply that under § 59–10–18.3, it was error for the court to find a lesser reduction in earning capacity than actual earnings would support. That this is permissible in a proper case has already been pointed out. While discussing certain evidence in the case claimant does not undertake to relate the same to any particular findings.

■ Where points are separately stated but no argument advanced thereon, the claimed error is not available. Faubion v. Tucker, 58 N.M. 303, 270 P.2d 713; Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99. In further support of this, as well as the rule that points stated and argued, as here, do not raise any issue on the court's findings, see Lea County Fair Ass'n. v. Elkan, 52 N.M. 250, 197 P.2d 228. We think the discussion in Hugh K. Gale Post No. 2182 Veterans of Foreign Wars, of Farmington v. Norris, 53 N.M. 58, 201 P. 2d 777, particularly pertinent in the present situation.

■ In the light of the foregoing authorities we find no attack on finding No. 13, or any of the other findings, and there is ample support for the court's conclusions.

It follows that the judgment appealed from should be affirmed.

IT IS SO ORDERED.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.