387 P.2d 462

**Charles O. CHAPMAN, Plaintiff-Appellant,**

**v.**

**JOHN ST. JOHN DRILLING COMPANY and the Travelers Insurance Company, Defendants-Appellees.**

**No. 7315.**

Supreme Court of New Mexico.

Dec. 9, 1963.

Heidel & Swarthout, Lovington, for appellant.

Girand, Cowan & Reese, Hobbs, for appellees.

NOBLE, Justice.

The question for decision is whether successive workmen's compensation awards can be made in different states, deducting the amount of the first award from the second.

Claimant, a resident of Texas, was employed in Texas to work on an oil well drilling rig in New Mexico and suffered an accidental injury in New Mexico arising out of and in the course of his employment. He filed a claim for the injury in Texas and was awarded compensation of $30.00 per week for not to exceed 26 weeks for temporary total disability by the Texas Industrial Accident Board. Two hundred eighty dollars in compensation has been paid under the Texas award. Claimant has appealed from that award to the district court of Winkler County, Texas, and the appeal is now pending.

After appealing the Texas award, claim was filed in New Mexico for the same injury. Following findings of fact, the trial court concluded that Hughey v. Ware, 34 N.M. 29, 276 P. 27, and Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413, were controlling and required dismissal of the claim in this state.

Hughey v. Ware is clearly distinguishable under the wholly different contention of the parties. In that case, claimant asserted that his position was analogous to that of one having two insurance policies. He claimed

the right to receive awards in two states having compensation laws for his benefit, without being required to give credit for any benefit received. This court there denied a claimant the right to full compensation under New Mexico law without abandoning any benefits received for the same injury in another state. That case only determined that an employee may not receive double compensation, but left open the question of successive awards if credit for the first award is given on the second. In Hughey, it was said:

> " * * * We need not decide whether appellant, by invoking Texas law, irrevocably renounced all rights under New Mexico law. We cannot doubt that what he has received under the Texas award is chargeable to him, and to be credited to the industry upon which the expense ultimately falls, as though voluntarily paid and accepted.
> * * * "

In the instant case, claimant agrees that credit must be given on any New Mexico recovery for all compensation received under the Texas award. Hughey v. Ware, thus, does not control this case.

The Hunt decision announced the principle that a final foreign award is res judicata and entitled to full faith and credit in a subsequent proceeding under the workmen's compensation statute of another state, thereby precluding recovery in the second state even though the local law permits a larger recovery.

Four years after the Magnolia decision, however, the Supreme Court of the United States declared the McCartin doctrine in Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140, 169 A.L.R. 1179 (1947). McCartin came to an opposite conclusion by distinguishing but not overruling Magnolia. We examine the facts and bases of decision of the two cases.

In Magnolia, a Louisiana resident was employed in Louisiana but in the course of his employment as an oil well worker was injured in Texas. He sought and procured an award of compensation for his injury under Texas workmen's compensation law. That award became final in accordance with Texas law. The employee later sought recovery under Louisiana law with credit there for the Texas recovery. The court, in Magnolia, determined that the Texas Workmen's Compensation law explicitly made its award in lieu of any other recovery by the employee against the employer for such injury, and was res judicata with respect to the right to compensation for the injury. It was thus held, in Magnolia, that as a consequence of the full faith and credit clause, Louisiana was precluded from awarding the employee compensation even under its own laws.

In McCartin, an Illinois resident was employed in Illinois by an Illinois employer;

264

he did some work for the employer in Wisconsin in the course of which he was injured. Compensation proceedings were commenced in both states. A lump sum settlement and payment was approved by the Illinois Commission and payment made under Illinois law. On the strength of Magnolia, the Wisconsin Supreme Court denied a supplemental recovery in that state. The Wisconsin decision was reversed by the United States Supreme Court which distinguished but did not reverse Magnolia. In contrast to Magnolia, the court said in McCartin that the Illinois award was final and conclusive only as to rights arising in Illinois and that Wisconsin was accordingly free under the full faith and credit clause to grant compensation under its own laws. The principal basis of distinction lay in a different construction of the workmen's compensation statutes of Texas and Illinois. McCartin was principally distinguished upon an absence in Illinois, either by statute or decision, of an explicit prohibition against seeking additional or alternative relief under the workmen's compensation statutes of another state. McCartin made that clear by saying:

"But there is nothing in the statute or in the decisions thereunder to indicate that it is completely exclusive, that it is designed to preclude any recovery by proceedings brought in another state for injuries received there in the course of an Illinois employment. Cf. Bradford Elec. Co. v. Clapper, supra [, 286 U.S. 145, 52 S.Ct. 571, 76 L. Ed. 1026]; Cole v. Industrial Commission, 353 Ill. 415, 187 N.E. 520, 90 A. L.R. 116. And in light of the rule that workmen's compensation laws are to be liberally construed in furtherance of the purpose for which they were enacted, Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 414, 52 S.Ct. 187, 189, 76 L.Ed. 366, we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction. Especially is this true where the rights affected are those arising under legislation of another state and where the full faith and credit provision of the United States Constitution is brought into play. * * *"

Thus, McCartin laid down as a test for applying the full faith and credit doctrine of Magnolia the question whether the state first awarding compensation, either by explicit language of a statute or by judicial decision, prohibits an employee from receiving relief under the laws of another state. For extended discussion of the Magnolia and McCartin doctrines, see 2 Larson, Workmen's Compensation, §§ 85-85.50;

60 Har.L.Rev. 993; 33 Cornell L.Quart. 310; 23 Ind.L.J. 214; 47 Cal.L.Rev. 846; Cheatham, Res Judicata and the Full Faith and Credit Clause; 44 Col.L.Rev. 330; Freund, Chief Justice Stone and the Conflict of Laws, 59 Har.L.Rev. 1210, 1227–1230.

Magnolia was thus limited by McCartin so that the Magnolia doctrine is only brought into operation upon the application of both of two tests:

1. The state first granting an award must announce in unmistakable language, either by statute or judicial decision, that its award is intended to be final and conclusive of all the employee's rights against the employer (and the insurer) growing out of the injury; that the award under its statute is a completely exclusive remedy, precluding a subsequent recovery under the laws of another state, and

2. The award in the first state must be res judicata in that state.

Under the last expression by the United States Supreme Court on the conflict of laws, the decisive question in this case therefore becomes: Does the Texas Workmen's Compensation Statute, Vernon's Texas Civil Statutes, Art. 8306, as construed, make its award so conclusive of all rights to compensation as to prevent relief under the laws of another state because of the full faith and credit clause?

Notwithstanding the expressions of the text and law review authors that the Texas statute cannot be said to expressly prohibit subsequent relief in another state (text and review articles cited supra), and that based upon the McCartin doctrine, Magnolia will not apply to a Texas compensation award when its statutes and decisions have been construed in the light of McCartin, the United States Supreme Court in Magnolia did construe the Texas statute to explicitly make a Texas final award to be in lieu of any other recovery by the employee against the employer growing out of the injury, and to preclude a supplemental recovery in another state under the laws of such state. McCartin agrees that if the award by the first state is "intended to be final and conclusive of all the employee's rights against the employer and the insurer growing out of the injury," the Magnolia decision would control. The construction placed upon the Texas Workmen's Compensation Law by the United States Supreme Court, insofar as it affects the full faith and credit clause of the Constitution of the United States, is controlling upon us as to any compensation award made by the Texas Commission under that statute. Compare 2 Larson, Workmen's Compensation, § 85.30, p. 362–363. The basis upon which it is said that the United States Supreme Court is the final arbiter as to application of a

question involving the federal constitution was expressed thus in Magnolia: (320 U.S. at 443, 64 S.Ct. at 216, 88 L.Ed. at 158)

"* * * When a state court refuses credit to the judgment of a sister state because of its opinion of the nature of the cause of action or the judgment in which it is merged, an asserted federal right is denied and the sufficiency of the grounds of denial are for this Court to decide. * * *"

See, also, Alaska Packers Ass'n v. Industrial Accident Comm., 294 U.S. 532, 547, 55 S.Ct. 518, 523, 79 L.Ed. 1044; Milwaukee County v. M. E. White Co., 296 U.S. 268, 274, 56 S.Ct. 229, 232, 80 L.Ed. 220; and Williams v. North Carolina, 317 U.S. 287, 302, 63 S.Ct. 207, 215, 87 L.Ed. 279, 143 A.L.R. 1273.

■■ As we have seen, even though a compensation award by the commission authorized by law is entitled to the same full faith and credit as the judgment of a court, the New Mexico courts are precluded from hearing the compensation claim under our laws only if the Texas award is final and is res judicata in that state. Magnolia Petroleum Co. v. Hunt, supra.

■■ It is not disputed that the award of the Texas Industrial Accident Board has been appealed in the manner provided by Texas law and that such appeal is now pending and undisposed of. We are thus confronted with the further question of whether the appeal denies the Texas award that finality requisite to invoke the full faith and credit clause. In an excellent annotation on "Judgment as res judicata pending appeal or motion for a new trial, or during the time allowed therefor," in 9 A.L.R.2d 984, 993, the general rule is announced that under the full faith and credit clause a foreign judgment is conclusive in another state only to the same extent it is conclusive in the state where it was rendered. It follows that a determination by the courts of Texas as to the finality of its judgment is controlling. It is well settled in Texas that "an appeal from a judgment prevents its operation as res judicata." Sabine Pilots Ass'n v. Lykes Brothers Steamship, Inc. (Tex.Civ.App.1961) 346 S.W.2d 166, 169; Ray v. Hasley (5th Cir.1954) 214 F.2d 366, 368.

■ In view of the construction of its own judgments by the courts of Texas, we conclude that the appeal from the award of the Texas Industrial Accident Board by the claimant in the instant case denies that award the requisite finality to make it res judicata in Texas, and thus the lower court was free under the full faith and credit clause to hear and determine the claim to·

compensation under the New Mexico Workmen's Compensation Law.

While the Magnolia and McCartin doctrines were discussed in La Rue v. El Paso Natural Gas Co., 57 N.M. 93, 254 P.2d 1059, that decision is not pertinent under the facts of the instant case. This court there said that those doctrines were not controlling under the facts of La Rue and that denial of compensation under the facts by the Arizona Commission did not prevent a recovery under the New Mexico law.

■■ Claimant asks that he be awarded attorneys fees for this appeal. The recovery of compensation is a prerequisite to the allowance of attorneys fees. An award has not, up to this time, been secured, and the application is therefore premature and must be denied at this time. Pate v. Makin Drilling Co., 66 N.M. 402, 349 P.2d 121; Saavedra v. City of Albuquerque. 65 N.M. 379, 338 P.2d 110; Magee v. Albuquerque Gravel Products Co., 65 N.M. 314, 336 P.2d 1066.

It follows that the judgment appealed from must be reversed and the cause remanded with instructions to reinstate it on the docket and proceed further in a manner not inconsistent with the views expressed herein.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.