393 P.2d 332

Thomas KEILMAN, Plaintiff-Appellant,

v.

DAR TILE COMPANY and Pacific Employers Insurance Company, Defendants-Appellees.

No. 7412.

Supreme Court of New Mexico.

June 15, 1964.

Arturo G. Ortega, Willard F. Kitts, Albuquerque, for appellant.

Key & May, Albuquerque, for appellees.

MOISE, Justice.

This workmen's compensation action requires a determination of the proper method of computing the time within which an action must be filed after the failure or refusal of the employer or insurer to pay compensation. § 59–10–13.6, N.M.S.A.1953.

The facts, as found by the trial court, are not disputed. Appellant was injured April 12, 1961. The first compensation payment was due not later than May 13, 1961. Payments were not made by that date. The present action was filed Monday, May 14, 1962.

A workman is required to file a claim "not later than one [1] year after the failure * * * of the employer or insurer to pay compensation." § 59–10–13.6, supra. Appellant argues that the one year period is computed by the formula prescribed in Rule 6 of the Rules of Civil Procedure. (§ 21–1–1(6) (a), N.M.S.A.1953). In the alternative, they argue the time should be computed using § 1–2–2, N.M.S.A.1953.

Section 21–1–1(6) (a), N.M.S.A.1953 reads:

"COMPUTATION. In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

Section 1–2–2, N.M.S.A.1953, the pertinent portion of which, reads:

" * * * In the construction of statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

" * * * *

"Seventh. In computing time the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall

be extended so as to include the whole of the following Monday."

Appellee, on the other hand, maintains that the time limitation in which an action may be filed is a limitation of right, substantive in nature, and that the rules of civil procedure are inapplicable. As a result, appellee claims the proper computation of time is a calendar year which, in this case, would have ended at midnight, May 12, 1962, because the time would start to run the day the action accrued (May 13, 1961) and end 365 days later, May 12, 1962.

In 1959, the workmen's compensation act was amended to provide that the rules of civil procedure should apply to all actions under the workmen's compensation act except where the provisions of the act were in conflict therewith. (§ 59–10–13.9, N.M.S.A. 1953). The rules of civil procedure provide that the method prescribed therein shall be utilized in computing time under any "applicable statute." (§ 21–1–1(6) (a), supra). Thus, it appears to have been the intention of the legislature that Rule 6, providing the method of computation of time, should be applicable generally to the workmen's compensation law. Using this method of computation, the filing of the claim on May 14, 1962 was timely since the previous day was Sunday, unless defendants' contention that the limitation being substantive, a rule of procedure would not apply. However, § 1–2–2, supra, would seem to require the same result even in this event. O'Brien v. Wilson, 26 N.M. 641, 195 P. 803.

This conclusion is bolstered by decisions from other jurisdictions which have construed a similar problem under statutes which provide a right and a remedy and the limitation thereon.

United States for Use and Benefit of Pre-Fab Erectors, Inc. v. A. B. C. Roofing & Siding, Inc., 193 F.Supp. 465 (S.D.Cal.1961) is a case brought under the Miller Act which provided that no suit could be commenced after the expiration of one year after the date of final settlement of a contract. Final settlement was made on May 20, 1959 (Wednesday), and the complaint filed May 20, 1960 (Friday). It was held that the complaint was timely filed when Rule 6 of the Federal Rules of Civil Procedure was applied. (Title 28 U.S.C.A.) United States for Use of Strona v. Bussey, 51 F.Supp. 996 (S.D.Cal.1943), where a contrary result was reached by the same court without consideration of Rule 6, was noted but not followed.

United States v. Fisher, 112 F.Supp. 233 (W.D.Ky.1953) was a case involving a violation of price stabilization regulations. The action accrued on November 30, 1951, and the complaint was filed December 1, 1952 (Monday). The limitation statute provided that the action should be brought "within one year from the date of the occurrence of the violation." Here the court discussed

both the common law and Rule 6 concerning computation of time. The court noted that by the most conservative count, the last day that the action could have been brought was November 30, 1952, and that this was a Sunday. Therefore, the action was timely when filed December 1, 1952.

Of some interest is Wooten v. State Compensation Commissioner, 142 W.Va. 501, 95 S.E.2d 643 (1957). Under the compensation statute it was provided that an action for silicosis benefits must be brought within two year after the last continuous exposure to dust for sixty days. Claimant quit his job November 13, 1953, and up to that time he had been continually exposed to silica dust for 19 years. The action was filed November 14, 1955 which was a Monday. West Virginia has a statute similar to our § 1–2–2, N.M.S.A.1953, and it was there held that the method of computation of time as therein provided applied and the action was timely.

All of the cases cited above arose in situations comparable to our workmen's compensation law where the right had been created by the same statute as provided the limitation for its enforcement. Thus the rule recognized by us that the limitation in our compensation statute for enforcing the right was a limitation not only on the remedy but on the right as well, Swallows v. City of Albuquerque, 61 N.M. 265, 298 P.2d 945, applied with equal force in each of the situations being considered.

We find it unnecessary to determine if the case was timely filed under Rule 6(a) or under § 1–2–2, supra. However, we are of the opinion that these two provisions considered together make it amply clear that whether a limitation is considered procedural or substantive, whether it is a limitation on the right and remedy, or on only the remedy is immaterial so far as the method to be utilized in computing time is concerned. In either event, and under either provision, this action was timely brought. Compare Johnston v. New Omaha Thomson-Houston Electric Light Co., 86 Neb. 165, 125 N.W. 153; Hardbarger v. Deal, 258 N.C. 31, 127 S.E.2d 771.

■ Appellant requests that we fix attorney fees for services in this court. Although we must reverse and remand the case, there has not yet been a determination of appellant's right to compensation. Any allowance of attorney fees must await that event. § 59–10–23, N.M.S.A.1953; Magee v. Albuquerque Gravel Products Company, 65 N.M. 314, 336 P.2d 1066; Saavedra v. City of Albuquerque, 65 N.M. 379, 338 P.2d 110.

It follows from what has been said that the court erred in dismissing plaintiff's claim. The judgment of the court is reversed, and the cause remanded with instructions to set the same aside and grant claimant a trial. It is so ordered.

J. C. COMPTON, C. J., and CARMODY, J., concur.