397 P.2d 953

John B. RAYBURN, Plaintiff-Appellant,

v.

BOYS SUPER MARKET, INC., Employer, and Great American Insurance Company, Insurer, Defendants-Appellees.

No. 7437.

Supreme Court of New Mexico.

Aug. 17, 1964.

Rehearing Denied Dec. 28, 1964.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

**714**

Rodey, Dickason, Sloan, Akin & Robb, John P. Eastham, Joseph J. Mullins, Albuquerque, for appellees.

NOBLE, Justice.

Claimant has appealed from that portion of a judgment which denied recovery for weekly workmen's compensation payments and for attorney fees.

The parties agree that John Rayburn, a bookkeeper, suffered an accidental injury on April 14, 1960, arising out of and in the course of his employment. The employer and insurance carrier voluntarily paid the maximum compensation benefits, including medical and hospital for a laminectomy during the period July 19, 1960 to September 21, 1960, when claimant was unable to work. A fusion, thought by his surgeon to be required, was not performed at the time of the laminectomy because of a heart irregularity that occurred during the operation. The surgeon told claimant that the fusion might become necessary later.

Claimant returned to work for the same employer on September 21, 1960 and continued at the same or higher wages until his discharge on October 13, 1961, found by the court to have been due to a reduction in employees following the sale of one of the employer's stores. The fusion was performed November 21, 1961. Claimant went to work February 21, 1962 for a different employer, receiving higher wages than at the time of the injury. He continued with this employer until he voluntarily quit because of his employer's impending bankruptcy. Judgment in the sum of $1,720.67 was awarded for medical and hospital expenses of the fusion operation. That award is not an issue on this appeal. Likewise, it is not denied that the employer and his insurance carrier offered $3,200.00 as a settlement prior to trial on the merits, which offer was rejected.

The employer asserts that the right to weekly compensation payments during the period of the fusion operation and the following recovery period is barred by § 59–10–13.6, N.M.S.A.1953, which requires the filing of a claim within one year and 31 days after the failure or refusal of an employer to pay an installment of compensation. The question is thus squarely presented as to when the statute of limitations commenced to run.

The employer argues that since the fusion and resulting inability to work during the recovery period following that operation resulted from the injury of April 14, 1960, the claimant might have asserted his claim 31 days after the employer ceased such payments, September 21, 1960, and that the statute of limitations then started. The claimant, on the contrary, contends that the statute only commences to run 31 days after the refusal or failure of the employer to make a compensation payment

during a period when the claimant is suffering a disability within the meaning of the workmen's compensation law. Under the facts of this case, we are not required to, nor do we determine, whether claimant could have asserted a claim following termination of the voluntary payments. The findings by the court make it apparent that the employer ceased the weekly payments because claimant went back to work without loss of earnings.

The legislature defined the term "disability" in § 59–10–12.1(A), N.M.S.A.1953, to mean:

"* * * a decrease of wage earning ability due to a workman's injury suffered by accident arising out of and in the course of his employment."

Moreover, by the 1959 amendments to the workmen's compensation act, compensation payments are no longer based upon the physical injury, but upon the "disability," or decreased earning ability produced by the injury. Sec. 59–10–13.5, N.M.S.A.1953. "Disability" as defined by the law, was said in Lozano v. Archer, 71 N.M. 175, 376 P.2d 963, to mean:

"* * * the disablement of the workman to earn wages in the same kind of work, or work of a similar nature for which he is trained, or is accustomed to perform, or any other kind of work which a person of his mentality and attainments, could do. * * *"

In this case, the workman was able to return to work without a reduction in earnings during the period September 21, 1960, following recovery from the laminectomy, until at least October 13, 1961. During that period, the claimant was not disabled as that term is defined by the legislature.

Although it is conceded that claimant did not earn during the period, October 13, 1961 until February 21, 1962, and that the fusion operation was performed November 21, 1961, immediately following which it stands to reason claimant was totally without earning capacity for some period; nevertheless, no findings were made concerning the amount or duration of the reduction in earning ability.

Whether a claimant who suffers some pain as a result of an accidental injury has a right not to work and to file a claim even though he could work with pain is a question not before us in this case. We find nothing in the statute which requires such workman to cease work and file his claim merely because he continues under the care of a doctor, or suffers some pain, or had been told that at some future time an additional operation may be required as a result of the injury suffered. On the contrary, it is clear to us that a workman may not recover for any period

during which his earning ability is as much as before the injury. It follows that the trial court erred in applying the statute of limitations as a bar to recovery of compensation payments during such portion of the period from October 13, 1961 to February 21, 1962, as claimant may have been "disabled." Cordova v. City of Albuquerque, 71 N.M. 491, 379 P.2d 781.

We do not consider what is here said in any way detracts from, conflicts with, or alters our holdings to the effect that payment of full wages, whether earned or not, is not conclusive on the question of "disability" as held in Winter v. Roberson Construction Co., 70 N.M. 187, 372 P.2d 381; Batte v. Stanley's, 70 N.M. 364, 374 P.2d 124, or Pies v. Bekins Van and Storage Company, 70 N.M. 361, 374 P.2d 122.

■ Since it is conceded that the period of disability could not have exceeded 19 weeks, the total amount of the employer's liability, including the medical and hospital expenses, was less than the $3,200.00 offered in settlement. Attorney fees were, therefore, properly disallowed. § 59–10–23(D), N.M.S.A.1953; Boggs v. D & L Construction Co., 71 N.M. 502, 379 P.2d 788.

■ Because recovery of compensation is a prerequisite to the allowance of attorney fees, claimant's request for such fees in this court must be denied, even though we must reverse and remand the case. Keilman v. Dar Tile Co., 74 N.M. 305,

393 P.2d 332; Witt v. Marcum Drilling Co., 73 N.M. 466, 389 P.2d 403; Magee v. Albuquerque Gravel Products Co., 65 N.M. 314, 336 P.2d 1066; Saavedra v. City of Albuquerque, 65 N.M. 379, 338 P.2d 110.

The judgment appealed from is reversed and the cause remanded with instructions to vacate the judgment and proceed in a manner not inconsistent with this opinion.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.

ON MOTION FOR REHEARING

NOBLE, Justice.

The motion for rehearing is denied, but to clarify the question of when the statute of limitations begins to run, we add the following to our opinion heretofore filed.

Appellees assert that we overlooked the controlling effect of § 59–10–13.6, N.M.S.A. 1953, limiting the time within which a compensation claim must be filed. It is argued that the statute begins to run at the time when the claimant's right of action accrues, and bars the action one year thereafter. They argue that the statute began to run, in this case, when compensation payments were terminated following the healing period after the first operation, even though the workman had then returned to work and was earning the same wages as before

the injury. The contention is grounded upon the fact that the workman was told by his doctor that a fusion operation might later be required, and that he worked with some pain.

Appellees seek to support their contention with the argument that Batte v. Stanley's, 70 N.M. 364, 374 P.2d 124, permits a claimant to file his claim, and his right of action accrues even though he is earning the same wage as before the injury if there is anything which hints of a possible future loss of wage earning ability. We do not agree. Batte goes no further than to hold that a claim is not premature merely because the injured workman continues to work and receive as much as before the injury, if his wage earning ability has been decreased by the injury and the amount received by him thereafter does not truly represent his wage earning ability. In that case, the workman's wage earning ability was decreased by the injury. A part of the amount paid by his employer represented a gratuity rather than wages actually earned. Under such circumstances, it was said that upon the decrease in wage earning ability being established, the formula of § 59–10–18.3, N.M.S.A.1953 was properly applied. There is no suggestion in the evidence in this case that the workman did not earn the wages received by him after the accident. We hold that the statute of limitations does not commence to run until the wage earning ability of the injured workman has been decreased as a result of the accidental injury.

We do not intend by anything we have said to affect the notice required by § 59–10–13.4, N.M.S.A.1953. We have noted the 1963 amendment to § 59–10–13.6, supra, but have not considered its effect since it has no application in this case. It is clear to us that § 59–10–13.6 has not barred claimant's action under the facts here present.

COMPTON, C. J., and MOISE, J., concur.