581 P.2d 456

**STEERE TANK LINES, INC., a Texas Corporation (Employer) and Transport Insurance Company, Petitioners,**

v.

**Loraine M. ROGERS, Respondent.**

**Loraine M. ROGERS, Petitioner,**

v.

**STEERE TANK LINES, INC., a Texas Corporation, and Transport Insurance Company, Respondents.**

Nos. 11937, 11949.

Supreme Court of New Mexico.

June 19, 1978.

Rehearing Denied June 29, 1978.

Jones, Gallegos, Snead & Wertheim, Steven L. Tucker, Santa Fe, for respondent No. 11937 and petitioners No. 11949.

Cusack, Schnedar & Fleming, William C. Fleming, Roswell, for respondent No. 11949 and petitioners No. 11937.

## OPINION

McMANUS, Chief Justice.

The decedent, respondent's husband, was involved in a single-car, fatal accident on November 30, 1975. Respondent brought suit to recover medical benefits and death benefits under New Mexico's Workmen's Compensation Act, § 59–10–1, et seq., N.M. S.A. 1953 (Repl.1974). Judgment was entered in favor of the employer-petitioner. The Court of Appeals reversed the decision of the lower court on the basis that the blood sample taken from the decedent which indicated intoxication was withdrawn by an unauthorized person. We granted certiorari and reverse the decision of the Court of Appeals and affirm the judgment of the trial court.

Respondent was the wife of Glen Rogers, the decedent. Mr. Rogers was employed by

Steere Tank Lines, Inc. and at the time of his death was Vice President of the company. On November 30, 1975 the decedent was traveling from Artesia to Tucumcari in a business-related capacity. En route, the decedent was involved in a one-car accident near Melrose, New Mexico, and died instantly. A blood sample was taken from the decedent by Sgt. Sommers, a deputy medical examiner, and the sample contained .339 by weight of alcohol. The trial court concluded that under New Mexico law, Mr. Rogers was under the influence of alcohol. Intoxication is a bar to a claim for benefits under the Workmen's Compensation Statutes. Section 59-10-8, N.M.S.A. 1953 (Repl.1974).

Respondent urged on appeal, and the Court of Appeals accepted the contention, that a deputy medical examiner was not authorized to withdraw blood for the purpose of a blood-alcohol test under § 64-22-2.1, N.M.S.A. 1953 (Repl.1972). The Court of Appeals concluded that the blood sample was improperly taken and, therefore, the evidence relating to the decedent's intoxication was inadmissible. We disagree.

Section 64-22-2.1, *supra,* provides:

Only a physician, licensed professional or practical nurse or laboratory technician or technologist employed by a hospital or physician shall withdraw blood from any person in the performance of a blood-alcohol test.

Sgt. Sommers was not a physician, nurse, laboratory technician or technologist. The Court of Appeals held that the deputy medical examiner was not employed by a physician. The question which the Court of Appeals did not address, which we feel is determinative, is whether § 64-22-2.1, *supra,* is applicable to the withdrawal of a blood sample from a corpse.

Other jurisdictions have considered this issue and have reached varying results. Some have held that such a statute listing medical personnel is applicable even when the driver does not survive the accident. *See generally Lankford v. Redwing Carriers, Inc.,* Ala., 344 So.2d 515 (Ala.Civ.App. 1977), cert. denied, *Ex parte Redwing Carri-*

ers, Inc., Ala., 344 So.2d 522 (1977); *Lessenhop v. Norton,* 261 Iowa 44, 153 N.W.2d 107 (1967). Other courts have ruled that this type of statute applies only to living persons. *See Woosley v. Central Uniform Rental,* 463 S.W.2d 345 (Ky.1971); *Dick v. Molitor,* 305 Minn. 390, 234 N.W.2d 583 (1975).

■ It appears that the purpose of this type of statute is two-fold: (1) to insure the safety and protection of the person being subjected to the test, *Woosley, supra,* and (2) to insure reliability of the sample, *Schmidt v. Jensen Motors, Inc.,* 208 Kan. 182, 186, 490 P.2d 383, 387 (1971). If the driver does not survive, the first consideration is removed. Therefore, we must determine if there are sufficient grounds to insure the reliability and accuracy of a blood sample taken by a deputy medical examiner who is not one of those medical officers listed in § 64-22-2.1, *supra.*

Other jurisdictions have addressed the issue of the qualifications of the personnel taking a blood-alcohol sample and have reached diverse results. *Gard v. Michigan Produce Haulers,* 20 Mich.App. 402, 174 N.W.2d 73 (1969) (sample by mortician is not reliable); *Brooks v. Engel,* 207 N.W.2d 110 (Iowa 1973) (sample by mortician is reliable); *Webb v. Stone,* 445 S.W.2d 842 (Ky.1969) (undertaker who was also deputy coroner was likely to take a reliable sample), *Dick, supra,* (mortician could take sample from dead body). Although these cases do not resolve this issue, they do suggest some factors to be taken into consideration, such as the officer's training, the techniques used in handling the specimen, the equipment used, and the preservation of the specimen.

Sgt. Sommers was a deputy medical examiner for Curry County. He worked under the supervision of Dr. Shelby Goodman, a physician. The sergeant had received training from the office of the State Medical Investigator and was licensed or commissioned by that office. He was also experienced in drawing blood from dead bodies.

The sergeant testified that after the doctor doing the autopsy made the incision in the leg, Sommers took a clean syringe and withdrew the blood sample. The doctor apparently decided which vein or artery to use and Sgt. Sommers merely withdrew the blood. He also stated that the syringe was clean and dry when the sample was taken and he transferred the sample to a new test tube. Then he labeled and sealed the tube.

 Although there may have been other techniques available for withdrawing the blood sample or other fluids which could have been tested for alcohol, we see nothing in the record to indicate that the procedure used in this instance could have, or did, result in an unreliable blood sample. Under these circumstances, § 64–22–2.1, *supra*, does not apply to a blood sample taken from the deceased driver's body by a deputy medical examiner. Therefore, the withdrawal of the blood by the deputy medical examiner was not improper and the trial court correctly admitted the evidence.

We also granted certiorari to consider the respondent's request to allow attorney fees for the lower court proceedings. As a result of our disposition the request for attorney fees is denied. *Chapman v. John St. John Drilling Company,* 73 N.M. 261, 387 P.2d 462 (1963).

The judgment of the District Court of Curry County is hereby affirmed.

IT IS SO ORDERED.

EASLEY, PAYNE and FEDERICI, JJ., concur.

SOSA, J., not participating.